## HUFFMAN *v.* SAN JOAQUIN COUNTY.

A county is not liable in damages at the suit of an individual for injuries sustained by him in consequence of the want of proper repairs to a bridge on a public highway of the county.

The statute devolves upon Boards of Supervisors the management and control of bridges in their respective counties, and upon Road Overseers of the county the duty of keeping bridges on public highways in repair; and if any remedy exist for injuries resulting from neglect to keep such bridges in repair, it must be sought against the Road Overseers or Supervisors personally.

APPEAL from the Fifth Judicial District.

The facts appear in the opinion of the Court.

*H. Amyx* and *Budd & Laspeyre*, for Appellant.

I.   An indictment lies at common law against a county for the non-repair of a bridge, a part of a public highway.   This was so held by Lord Ellenborough, with the concurrence of all the other Judges, in the case of *The King* v. *West Riding, Yorkshire*, (2 East, 341) ; and he cites Lord Coke (2 Inst. 700, 701) as authority for the doctrine.   (See also *Glasburne Bridge case*, 5 Burrows, 2594 ; *The King* v. *County of Glamorgan*, 2 East, 356 ; note to *Rex* v. *Bucks*, 12 Id. 192 ; Grant on Corporations, 500 ; 7 Q. B. 594 ; Ventr. 256 ; *Rex* v. *Mayor, etc., of Warwick*, 2 Show. 201.)

II.   If a corporation be indictable at common law for the non-performance of a public duty, an action will lie at the suit of an individual sustaining special damage thereby.   (See the case of *The Mayor, etc., of Lyme* v. *Henly*, finally decided in the House of Lords on writ of error ; see 1 Bingh. New Cases, 222.)   That case was first heard in the Court of Common Pleas, (5 Bingh. 91) then on writ of error in King's Bench, (see 3 Barr. & Ald. 77) and finally in the House of Lords.   Before the decision in the House of Lords, certain questions were submitted to the Judges, and Park, Judge, in answering the question for the rest of the Judges, uses this strong language : " It is clear and undoubted law that whenever an indictment lies for non-repair, an action on the case will lie at the suit of a party sustaining any peculiar damage."   (1 Bingh. N. C. 240 ; see also, deciding the same point, *The Mayor, etc., of Lynn* v. *Turner*, Cowp. 86 ; *Churchman* v. *Tunstal*, Hard. 162 ; *Payne* v. *Patridge*, Show. 225 : Carth, 191 ; *The Mayor, etc., of the City of New York* v. *Furze*, 3 Hill, 612.)

The case of *Russel* v. *The Men of Devon*, (2 Term Rep. 667) was relied on by the respondent below as upholding a different doctrine.   If this be so, then the case of *Russel* v. *The Men of Devon* is no longer law, since the case of *The Mayor, etc., of Lyme* v. *Henly* is a more recent decision, rendered after greater consideration, and by a higher authority.

But the case of *Russel* v. *The Men of Devon* solely decides this : that the men living in a county are not a corporation, and cannot be sued as such at common law (5 Bingh. 99) ; and the

same doctrine is held to be law by our own Courts. (See 15 Cal. 34.) In the case of *Russel* v. *The Men of Devon*, if judgment had been recovered by plaintiff, execution could have been levied on the private property of any one of the inhabitants; but in case of a judgment against a county, execution cannot be levied on the private property of residents therein. (*Emeric* v. *Gilman*, 10 Cal. 404.)

III. The statutes of California authorizing the suing of counties, render them equally amenable with other corporations to actions at the suit of individuals. It is conceded that at common law a county, being a political division of the State and a part of the sovereignty, could not be sued by an individual, either on contracts, for a tort, or non-feasance, without permission of the sovereign power (5 Cal. 288, 12 Conn. 404, 3 McLean, 580); but when this permission of the sovereign power has been given by an act of the Legislature, as it has been in this State, then the county, like any person or municipal corporation, becomes amenable at the suit of an individual for violation of its obligations, whether of contracts, or for torts, or non-performance of duty, and is subject to like remedies. (3 McLean, 580; Statutes of 1855, chap. 47, sec. 24.)

The case of *McCann* v. *Sierra County*, (7 Cal. 121) decides that the provisions of the Statutes of 1857 and 1855 in relation to suits against counties apply to all cases of a demand against a county, whether for torts or on contracts; and corporations have been held liable in an action on the case for non-performance of duty, long before they were held liable for an actual trespass. (Grant on Corporations, 289.) It may be contended that the statute makes it the duty of the Board of Supervisors of the County, and of Road Overseers, to attend to the repair of county bridges. This may be so; but it is no answer to an action or an indictment against the county, if the duty rests on the county also. A person or corporation cannot be excused for non-performance of duty by showing that their agents have not performed their duty; two wrongs cannot make a right. (See opinion of Nelson, 7 Hill, 618; *The King* v. *The Inhabitants of Netherthong*, 2 Barr. & Ald. 179, and *The King* v. *The Inhabitants of St. George, Hanover Square*,

3 Campb. 222.) In the last case the defendants were indicted for not repairing a pavement; and in answer, they showed that it had been made the duty of certain officers by statute to attend to the subject, and a fund put under their control for that purpose. But the Court held the defendants were not thereby exempt; that they must on the first instance see that the street was properly paved, and seek a remedy over against the Commissioners.

IV. Aside from precedents, there is great reason and justice in the maintenance of this action. The bridge is the property of the county. No one but the county and its authorized agents have a right to meddle with it. Taxes have been granted to the county by the Legislature for the maintenance of bridges and roads, and the tax-payer and the citizen have a right to feel secure in person and property while traveling a public highway, and if damaged in either person or property, by neglect of the county to keep the same in suitable repair, he has a right to appeal to a Court of Justice for that reparation which a jury of his country may be willing to give.

*H. B. Underhill, District Attorney,* for Respondent.

FIELD, C. J. delivered the opinion of the Court—COPE, J. and NORTON, J. concurring.

The plaintiff in this action seeks to recover damages against the county of San Joaquin, for injuries alleged to have been sustained by him in consequence of the want of proper repairs to a bridge on a public highway of the county. The complaint alleges, substantially, that it was the duty of the county to keep the bridge in question in proper repair and condition; that the bridge was out of repair and " dangerous for travel;" that the county neglected to repair it, and that the plaintiff had sustained special damage thereby; and that his claim for damages had been presented to the Board of Supervisors of the county, properly vouched, and been rejected. The case comes before us on demurrer to the complaint, the Court below having sustained the demurrer and entered final judgment thereon.

There was no error in the ruling of the Court. The statute

devolves upon Boards of Supervisors the management and control of bridges in their respective counties, and upon Road Overseers of the county the duty of keeping bridges on public highways in repair.   (Act creating Board of Supervisors of March 26th, 1855, sec. 9; and Act concerning Roads and Highways of April 28th, 1855, sec. 5.)   If any remedy exist for injuries resulting from neglecting to keep such bridges in repair, it must be sought either against the Road Overseers or Supervisors personally.

Judgment affirmed.