# WILLIAM H. CROWELL v. SONOMA COUNTY.

LIABILITY OF COUNTY FOR DAMAGES.—A county is not liable for damages for injuries sustained by individuals caused by a road overseer placing the abutment of a bridge in the bed of a stream in such manner as to cause the waters of the stream to flow out of their usual channel, and wash away land or the improvements thereon.

ROAD OVERSEER.—The relation between a county and its road overseer bears no resemblance to that of master and servant, nor to that of employer and employé.

LIABILITY FOR ACT OF ROAD OVERSEER.—If an abutment to a bridge is wrongfully built in the channel of a stream, the remedy, if any exists, is against him by whom the injury was committed.

APPEAL from the District Court, Seventh Judicial District, Sonoma County.

Plaintiff recovered judgment, and defendant appealed.
The other facts are stated in the opinion of the Court.

*J. G. McCullough, Attorney-General,* for Appellant, cited
*Sherbourne* v. *Yuba County,* 21 Cal. 113, and *Hoffman* v. *San
Joaquin Co.* 21 Cal. 426.

*A. Thomas,* for Respondent.

There is no question from authority that cities and counties
are municipal corporations, and are equally liable, in an action
for any injury which results to an individual from *ministerial*
acts which they or their agents perform within their powers.
(16 N. Y., 2 Smith, 159, and note; 17 N. Y., 3 Smith, 104;
15 N. Y., 1 Smith, 519.)

A municipal corporation is liable, if by the want of care
and skill in its agents a public work is constructed which
causes damage to individuals. (3 N. Y., 3 Comst., 463; 5 N.
Y., 1 Selden, 369; 2 Denio, 433.)

The cases cited by the appellant are not apposite to the
case before the Court. Those cited were actions for injuries
sustained in consequence of a failure to do a duty enjoined by
law. "This is an action brought for an act done by the
county." The building of the bridge was a corporate act
performed by its agents and servants; the defendant is respon-
sible upon settled principles illustrated by several adjudged
cases. (16 N. Y. 162, 173; 1 Selden, 375; 3 Hill, 612; 3
Comst. 464; 5 Selden, 163.)

By the Court, SHAFTER, J.

The complaint states that the plaintiff, before and at the
time of the grievances complained of, was lawfully possessed
of certain lands in said county, describing them; that "the
defendant, contriving to injure the plaintiff, on the 1st or
October, 1859, at said county, built a bridge across the Santa
Rosa Creek at the southern end of "C" street, in the Town or
Santa Rosa, and in building said bridge, wrongfully and unlaw-

fully erected an abutment at the north end of said bridge, extending into the channel of said creek, and has kept and continued the abutment in the channel of said creek for a long space of time, to wit: thence, hitherto; and thereby during all the time aforesaid unlawfully and wrongfully diverted and turned the water in said creek out of its regular channel, and prevented and hindered the water in said stream from flowing along its usual course; and that in' consequence of said diversion of the water in said creek by the erection of the abutment of said bridge in the channel of said stream by the defendant, the water of said creek flowed with all its force and weight against the said land of which the plaintiff was and is possessed as aforesaid, and said water of said creek washed off large quantities of said land and a large amount of fencing thereon, together with houses and fruit trees, to the damage of plaintiff, one thousand five hundred dollars." The defendant appeals from the judgment.

It was held in *Sherbourne* v. *Yuba Co.*, 21 Cal. 113) that a county is not liable in damages to one, who, while an inmate of a county hospital, sustains injuries from unskilful treatment by the resident physician, or from the failure on the part of the officers of the hospital to supply sufficient and wholesome food.

In *Hoffman* v. *San Joaquin County*, 21 Cal. 426, the Court held that a county is not liable for damages at the suit of an individual, sustained by him in consequence of a want of proper repairs to a bridge on a public highway of the county.

The case at bar is clearly within the principle upon which the foregoing judgments proceed.

Counties are mere instruments created by the Government for the purposes of internal administration. They have no rights as against the Government, and owe no duties to the public, nor to individuals, except such as are imposed by law.

By the Act of 1855, (Wood's Dig. p. 650) it is made the duty of the Board of Supervisors of each county "to divide the county into a suitable number of road districts, and to appoint annually, or whenever vacancies may occur, an over-

seer for each district, whom they shall have power to remove at pleasure. The road overseers are required to keep all the public highways in their respective districts clear from obstructions and in good repair—causing banks to be graded, bridges and causeways to be made when the same may be necessary, to keep the same in good repair, and to renew them whenever destroyed."

From these provisions it is apparent that the relation between a county and its road overseer, bears no available resemblance to that of master and servant, nor to that of employer and employé. The office of road overseer in the defendant county, was not created by that county, but by public law instead, and all the duties connected with the office were created in like manner. The county had no power even to designate the incumbent of the office, for by the Act referred to, the power of appointing road overseers is conferred upon the Board of Supervisors; and in exercising that power the Board acts not under the county, but under the law.

It is also apparent that the Act does not cast the duty of building bridges upon the counties. True, counties are subjected to the pecuniary burdens connected with the building and repair of bridges, but the duty of building them when and where there is a necessity for them, and of keeping them in repair thereafter, is devolved primarily upon the overseer; and to that intent road overseers are the agents and servants of the law rather than of the counties within and for which they are appointed.

In this case, if the abutment " was wrongfully and unlawfully built in the channel of the creek," as the complaint alleges, then it must have been so placed and built by the overseer or by a volunteer. If by a volunteer, the county confessedly cannot be charged; and if unlawfully placed in the channel by the overseer, if the plaintiff has any remedy, it must be against him by whom the injury was committed.

Judgment reversed, and the Court below directed to dismiss the action.