[No. 3,450.]

# WINBIGLER v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF LOS ANGELES.

LIABILITY OF CITIES.—Incorporated cities are not liable for injuries sustained by private individuals, caused by the neglect of the city officers in keeping its streets in repair, unless made so liable by the Acts under which they are incorporated.

CITIES.—Incorporated cities are mere governmental instruments for purposes of internal administration, like counties created by law for the same purpose.

APPEAL from the District Court of the Seventeenth Judicial District, County of Los Angeles.

The plaintiff sued for ten thousand dollars damages for injuries sustained by falling through a bridge. The case was tried before the Court without a jury and findings were filed to the effect that the city authorities permitted a bridge to be constructed by a private party over a water ditch made for a private use in a public street within the city, but did not cause the bridge to be constructed; that on the 3d of October, 1871, it had been out of repair for two weeks, there being a hole eighteen or twenty inches square in the part most used by the public; that on the evening of that day the plaintiff, while going about his ordinary business, and not from his own fault or negligence, fell into the hole and received injuries from which damages resulted and will result to the amount of two thousand four hundred dollars. As a conclusion of law the Court found that the city was not bound to keep its streets in repair, and therefore was not liable for the injuries. The plaintiff moved to set aside the conclusion of law and for judgment upon the findings of fact. The motion was denied.

Judgment was rendered for the defendant and plaintiff appealed.

*Kewen & Howard,* for Appellant, argued that granting permission to build the bridge was a corporate act under which the city was liable for the injuries by the common law and by the terms of its charter, and cited Stats. 1850, p. 87; 9 Cal. 454; 3 Hill, 612; *Eustace* v. *Jahns,* 38 Cal. 19; *Conrad* v. *Trustees of the City of Utica,* 16 N. Y. 161; *Wendall* v. *Mayor, etc., of Troy,* 39 Barb. 335; 1 Denio, 601; *Clark* v. *City of Lockport,* 49 Barb. 580; and 18 How. Pr. 175.

*Brunson & Howard,* for Respondent, replied that the obligation of towns as to highways and bridges is wholly the creature of the statutes, and cited 17 Conn. 475; 8 Barb. 650; 9 Mass. 247; 50 Me. 246; 32 Barb. 645; and that there was nothing in the statutes of the State making the city liable for negligence as to the repair of its streets.

By the COURT:

The action against the corporation for personal injuries sustained in falling through a bridge placed at the intersection of Olive and Sixth streets in Los Angeles, by a private person, over a water ditch dug by him for his private use, is founded upon a supposed duty of the corporation to cause the streets of the city to be cleaned and repaired.

The general statute which constitutes the charter of the city, provides that the " *City Council* shall have power * * * to cause the streets to be cleaned and repaired." It is not claimed that the statute under which the city is incorporated expressly gives an action against the corporation in favor of a private person who may suffer injury by reason of the neglect of the City Council to exert their power in a proper manner, but the argument assumes that the power is given *to the corporation as such,* and that the *power* being conferred, a correlative *duty* is imposed, and a consequent

liability for non-performance of such duty, arises in favor of individuals who may have suffered injury by reason of its non-performance. But even if the conclusion would necessarily follow, the premises are not correct. The statute, as we have seen, imposes the duty in question not upon the corporation as such, but upon the City Council, and according to the argument the liability for its non-performance would devolve upon them. Incorporated cities in this State are mere governmental instruments formed under the State laws for the purposes of internal administration. They are not distinguishable in principle from counties created by law for the same purpose. Under the Acts organizing counties, Boards of Supervisors and Road Overseers are charged with the duty of keeping public highways in repair, and it was held here, in *Hoffman* v. *San Joaquin County*, 21 Cal. 426, and *Crowell* v. *Sonoma County*, 25 id. 313, that counties are not liable for injuries sustained by private individuals through the neglect of the officers charged with such duties, and it was intimated that responsibility, if any, for such injuries, rested upon the individual officers in default.

We think that the same principle is applicable to and decisive of this case.

Judgment affirmed.