The COURT:

The motion for nonsuit was properly granted. The evidence introduced by plaintiffs did not tend to prove anything beyond the fact that the defendants had possession of the property of Boyles & Evans by virtue of an assignment made by them for the benefit of their creditors. Having proved so much, it was incumbent on the plaintiffs to impeach that assignment, before asking the Court to disregard it. The Court had no right to assume that it was not a valid assignment. We do not think that the provisions of the Civil Code relative to assignments for the benefit of creditors were repealed by the "Act for the Relief of Insolvent Debtors," approved April 16, 1880.

Judgment affirmed.

———————————

[No. 8,284.—Department Two.]

August 22, 1882.

## J. F. TRANTER *v.* THE CITY OF SACRAMENTO.

MUNICIPAL CORPORATIONS—LIABILITY FOR INJURIES CAUSED BY DEFECTIVE STREETS.—Incorporated cities are not liable for injuries sustained by private individuals through the neglect of the officers charged with the duty of keeping its streets in repair. In this respect they are not distinguishable in principle from counties.

APPEAL from a judgment for the defendant on demurrer to complaint in the Superior Court of the County of Sacramento.

Judgment was entered for defendant on demurrer. The complaint was as follows:

"Plaintiff complaining alleges that the defendant is now, and for more than three years last past has been, a municipal corporation, duly incorporated and acting as such under the laws of and in the said State and County.

2. That as said municipal corporation, it always has been, and at the times hereinafter mentioned was and now is, the duty of said defendant to keep and maintain in good order the sidewalks in the city limits of said defendant.

3. That in violation and disregard of its said duty, the

defendant so negligently, carelessly and unskillfully kept and maintained the sidewalk on the south side of K street, between 7th and 8th streets, in the said city limits, that the plaintiff, on the sixth day of June, 1880, while passing over and along said sidewalk, as he had a right to do, without fault on his part, fell and broke through said sidewalk. That said street and sidewalk had long prior to said June 6, 1880, been graded and accepted by the Street Commissioner of defendant and by defendant.

4. That by reason therefore, the plaintiff became and was bruised, wounded, injured and damaged, and prevented from attending to his business for a long time, to wit: six months, and was forced to and did pay, lay out and expend a large sum of money in and about being cured of his injuries so received, to wit: about eight hundred dollars, and was so badly injured that he will never permanently recover the use of his left leg, in all sustaining damage to the amount of ten thousand dollars.

5. That plaintiff duly presented his claim for said damages so received to defendant, on the eleventh day of April, 1881, but to pay the same or any part thereof the defendant refused and still refuses so to do.

6. Wherefore, plaintiff prays judgment against the defendant for ten thousand dollars and costs, and such other and further relief as to the Court may seem proper.

*L. S. Taylor* and *Grove L. Johnson*, for Appellant.

The owner of the lot fronting the sidewalk where the accident occurred is not liable. (*Eustace* v. *Jahns*, 38 Cal. 3; Shearman & Redfield on Negligence, § 360.) The sidewalk on K street where the accident occurred was and is part of the street, so far as claims for damages by reason of defects therein are concerned. (Shearman & Redfield on Negligence, §§ 343, 383; *Wallace* v. *New York*, 2 Hilt. 440; *Hall* v. *Manchester*, 40 N. H. 410; Dillon on Municipal Corporations, § 1012; Cooley on Torts, 625; Thompson on Negligence, vol 2, p. 781, sub. 10, § 12, notes; *City of Augusta* v. *Hafers*, 61 Ga. 48.

The officers of defendant are not liable. (Dillon on Municipal Corporations, § 99; Shearman & Redfield on Negligence,

§ 133; City Charter of Sacramento, Statutes 1863, p. 415; *Supervisors* v. *United States*, 4 Wall. 435.) The city is liable. (Dillon on Munic. Corps., §§ 1017–1023; Cooley on Const. Lim., §§ 247, 248; Shearman & Redfield on Negligence, §§ 126, 133, 149, 357, 360, 385; Wood on Nuisance, §§ 741–744; Cooley on Torts, 625; Thompson on Negligence, vol. 2, p. 753, § 12, notes; Addison on Torts, vol. 2, pp. 1297, 1298, 1300; *Jansen* v. *Atchison*, 16 Kans. 358; *Albritton* v. *Huntsville*, 60 Ala. 486; *Conrad* v. *Ithaca*, 16 N. Y. 158; *Ring* v. *Cohoes*, 77 id. 83; *Tallahassee* v. *Fortune*, 3 Flor. 19; *Omaha* v. *Olmstead*, 5 Neb. 446; *Co. Coms. A. A. Co.* v. *Duckett*, 20 Md. 468; *Erie City* v. *Schwingle*, 22 Penn. St. 384; affirmed in 67 id. 355, and 77 id. 109; *Manderschid* v. *City of Dubuque*, 29 Iowa, 73; *Bell* v. *City of West Point*, 51 Miss. 262; *Moore* v. *Minneapolis*, 19 Minn. 300; *Shartle* v. *Minneapolis*, 17 id. 308; *Centerville* v. *Woods*, 57 Ind. 192; *Logansport* v. *Dick*, 70 id. 65; *Wilson* v. *Atlanta*, 63 id. 291; see also 53 id. 607, and 55 id. 17; *Bowie* v. *Kansas City*, 51 Mo. 454; *Bassett* v. *St. Joseph*, 53 id. 290; *Kiley* v. *City of Kansas*, 69 id. 102; *Nashville* v. *Brown*, 9 Heisk. 1, 10; *Niblett* v. *Nashville*, 12 id. 684; *Johnston* v. *Charleston*, 3 Rich. N. S. 232; *Sawyer* v. *Corse*, 17 Gratt. 230–241; *Richmond* v. *Long*, id. 375–379; *Noble* v. *City of Richmond*, 31 id. 271; *Alton* v. *Hope*, 68 Ill. 167; *Patch* v. *Covington*, 17 B. Mon. 722–733; *Covington* v. *Bryant*, 7 Bush, 248; *Evans* v. *City of Cincinnati*, 10 Western L. J. 122; *McCombs* v. *Town of Akron*, 15 Ohio, 474; 18 Ohio, 229; *Jones* v. *New Haven*, 34 Conn. 1; *Meares* v. *Wilmington*, 9 Ired. 73–80; *Mayor of Helena* v. *Thompson*, 29 Ark. 569; *Trammell* v. *Russellville*, 34 id. 105; *O'Neill* v. *New Orleans*, 30 La. An. 220; *McDonough* v. *Virginia*, 6 Nev. 90; *Barnes* v. *District of Columbia*, 91 U. S. 540–551; *Evanston* v. *Gunn*, 99 id. 660.

We do not cite cases from the New England States nor from Wisconsin or West Virginia, because in those States there is a statute giving right to sue. The citations given above are from twenty-three States and the United States Supreme Court.

Defendant liable under its charter specially, as well as under general rule. *A.* Because charter imposes duty to repair street, and levies tax therefor upon city. (§ 60 of Sac. Char-

ter as amended, Statutes 1869–70, p. 339, 340; Subs. 5, 30, of § 2 of Charter, Statutes 1863, 416–418; § 6 of Charter, Statutes 1863, p. 420; § 58 of Charter, Statutes 1863, p. 435.

*B.* Because charter confers franchises and privileges upon city—hence comes within rule laid down by the Courts that dissents from general proposition of liability of a municipal corporation. (§ 1 of Charter, Stats. 1863, pp. 415, 416; Sub. 27, § 2 of Charter, Stats. 1863, p. 418; Statutes 1871–2, pp. 723, 724.

This case is clearly distinguishable from that of *Winbigler* v. *Los Angeles,* 45 Cal. 36.

*A.* Los Angeles incorporated under general statute. Sacramento incorporated under special statute.

*B.* Los Angeles charter reads: " City Council shall have power to cause the streets to be cleaned and repaired." Sacramento charter reads: " The same (*i. e.,* the streets) shall be kept in repair at the expense of the city," and levies a tax therefor.

*C.* Los Angeles had no particular franchises or privileges granted by charter. Sacramento had.

*D.* Los Angeles does not own the streets. Sacramento does—by deed from Sutter to city.

*E.* The Winbigler case does not decide against the liability of a municipal corporation; but, in its own language, "even if the conclusion would necessarily follow, the premises are not correct," because liability upon City Council. In this case liability upon the City of Sacramento—not its Council or Trustees.

The distinction between counties and cities has been clearly distinguished in the citations under Point 4, and we refer to them as answering the other point made in the Winbigler case, and also cite: (*Askew* v. *Hale County,* 54 Ala. 639; *Eikenberry* v. *Township of Bazaar,* 22 Kansas, 556–62; Statutes 1863, p. 415, Secs. 4000, 4087, Political Code.)

*W. A. Anderson,* Attorney for Respondent.

There is a long line of decisions holding the exemption of municipalities from any implied liability. In the absence of a statutory requirement, absolute in its terms, a municipal corporation is not a general warrantor of the safe condition

of the streets within its limits. (Shearman & Redfield ·on Negligence, Sec. 146; *Griffin* v. *The Mayor, etc.,* 9 N. Y. 456; *Howes* v. *New Orleans,* 25 La. Ann. 394, 481; *Kelley* v. *Milwaukee,* 18 Wis. 83; *Winbigler* v. *Los Angeles,* 45 Cal. 36.)

For an exhaustive review of the questions of law involved in this case we refer to. (*Hill* v. *City of Boston,* 122 Mass. pp. 345 to 383. Also, *Eastman* v. *Meredith,* 36 N. H. 284 to 301.) In each of these cases it was held that plaintiff could not maintain the action against the town or city.

At common law there is no liability upon a municipal corporation for injuries received by reason of defective ways. (Shearman & Redfield on Negligence, Sec. 346; Cooley on Torts, p. 622, and cases cited in Note 1; 2 Dillon, Municipal Corporations, 3d Ed., Sec. 1000.) There being no remedy against the municipality at common law, there can be no action, unless the Legislature by statute imposes a liability upon the municipality. Upon an examination of the organic law governing the City ·of Sacramento, no provision is found imposing such liability. (Statutes 1863, p. 415 *et seq*; Shearman & Redfield on Negligence, § 346.)

The owner of the lot fronting the sidewalk where the accident occurred is liable. If the owner does any act which renders the street or sidewalk hazardous or less secure than it was left by proper authorities, he commits a nuisance, and is liable therefor to any person injured in consequence of his act. (Cooley on Torts, p. 626, and cases cited in note 3.)

The City of Sacramento is not liable. The City of Sacramento is wholly the creature of the statute, and there is nothing in the statutes of this State making it liable for negligence in the repair of its streets or sidewalks. The rule is clearly laid down in the case of *Winbigler* v. *Los Angeles,* 45 Cal. 36.

The COURT:

We do not think that this case is distinguishable in principle from *Winbigler* v. *Los Angeles,* 45 Cal. 36; and on the authority of that case the judgment in this case must be affirmed.

Judgment affirmed.