[No. 11786.   Department Two. — May 18, 1887.]

ALFRED MOORE, APPELLANT, v. CITY OF LOS AN-
GELES, RESPONDENT.

| 72 | 287 |
| 78 | 591 |

MUNICIPAL CORPORATION — LOS ANGELES — DAMAGES CAUSED BY OVERFLOW OF RIVER — LIABILITY FOR. — The city of Los Angeles, although the owner of the bed of the Los Angeles River, and having the right to divert its waters and sell them to its citizens, is not liable for damages caused to private property situated within its corporate limits, through a sudden overflow of the waters of the river.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*S. Haley, W. H. H. Russell,* and *David Lyon,* for Appellant.

The defendant, being the owner of the river-bed, and having the right to divert the water, as a private corporation, was bound to so control its property that it could work no injury on any one. (*Bailey* v. *Mayor,* 3 Hill, 531; *Hill* v. *Boston,* 122 Mass. 358; *Murphy* v. *Lowell,* 124 Mass. 564; *Hand* v. *Brookline,* 126 Mass. 324; *Maximilian* v. *Mayor,* 62 N. Y. 164; Dillon on Municipal Corporations, secs. 966, 981, 983, 985.)

*J. W. McKinley, F. P. Kelly,* and *W. T. Williams,* for Respondent.

The defendant is not liable for the damages caused by the overflow of the river. (*Crowell* v. *Sonoma County,*

25 Cal. 313; *Huffman* v. *San Joaquin County*, 21 Cal. 426; *Winbigler* v. *Los Angeles*, 45 Cal. 36; *Tranter* v. *Sacramento*, 61 Cal. 271.)

FOOTE, C. — The plaintiff sued the city of Los Angeles for damages to his property lying within its corporate limits, alleging that the same was caused by the defendant in failing to use proper care in preventing an overflow of the waters of the Los Angeles River. The bed of the river, and the right to divert its waters and sell them to its citizens, as stated in the complaint, belonged to the city.

The pleading was demurred to, the demurrer sustained, and from the judgment then rendered this appeal is prosecuted. We do not agree with the plaintiff in his contention that the city, incorporated as it is, should be held responsible for the damages he declares his property to have sustained from the overflow of the river, caused by a sudden flood of water. The incorporated city was not responsible as a private corporation, from the fact that it owned the bed of the river, and the right to sell the water therefrom to its citizens, and there is nothing contained in its charter which could impose such an obligation upon it, as the duty of protecting private property from sudden and unlooked for floods, which might at any time fill the stream to overflowing.

The judgment should be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.