[No. 11739.  In Bank. — April 18, 1889.]

ALEXANDER CHOPE, RESPONDENT, v. CITY OF EUREKA, APPELLANT.

MUNICIPAL CORPORATION — NEGLIGENCE OF CORPORATE OFFICALS — CORPORATION NOT LIABLE FOR. — In the absence of a statutory provision imposing the liability, a municipal corporation is not liable for personal injuries to individuals occasioned through the neglect of the officers of the corporation to properly perform their duties.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*S. M. Buck*, for Appellant.

The city was not liable for the neglect of its officers. (*Winbigler* v. *Los Angeles*, 45 Cal. 38; *Huffman* v. *San Joaquin Co.*, 21 Cal. 430; *Crowell* v. *Sonoma Co.*, 25 Cal. 315; *Tranter* v. *City of Sacramento*, 61 Cal. 271; *Barnett* v. *Contra Costa County*, 67 Cal. 77; *City* v. *Pearce*, 46 Tex. 525; *Detroit* v. *Blakeby*, 21 Mich. 841; 4 Am. Rep. 457; *Hill* v. *Boston*, 122 Mass. 346; 23 Am. Rep. 332; *Morgan* v. *Hallowell*, 57 Me. 375; *Pray* v. *Jersey City*, 32 N. J. L. 394.)

*John A. McQuaid*, for Respondent.

The city is liable for the misfeasance of its officers acting under its authority. (*Conniff* v. *San Francisco*, 67 Cal. 45; *Eastman* v. *Meredith*, 36 N. H. 295; 72 Am. Dec. 302; *Denver* v. *Rhodes*, 9 Col. 563; Dillon on Municipal Corporations, secs. 966, 1024; *Hill* v. *Boston*, 122 Mass. 344; 23 Am. Rep. 332; *Child* v. *Boston*, 4 Allen, 41; 81 Am. Dec. 680; *Emery* v. *Lowell*, 104 Mass. 13.)

McFARLAND, J.—This is an action to recover damages for alleged personal injuries, caused by the plaintiff falling into an excavation for a sewer within the corporate limits of defendant, a municipal corporation. A general demurrer to the complaint was overruled; a motion for nonsuit was denied; and the jury found a verdict for plaintiff. The defendant appeals from the judgment, and from an order denying its motion for a new trial.

The defendant was incorporated by a special charter in 1874. (Stats. 1873–74, p. 91.) Its legislative body is a common council consisting of five members. The charter also provides for a marshal and certain other officers. The common council is given the powers enumerated in section 4408 of the Political Code, and also certain other special powers; but it is nowhere provided that the corporation shall be liable for injuries suffered by individuals through the neglect of the officers

of the corporation to properly perform their duties. The facts upon which the judgment rests are these:—

The records of the proceedings of the common council, introduced in evidence, show the following, and no more: "In regard to certain alley-way nuisances, more particularly that of the sewer leading down the alley from the Western Hotel and forming a cesspool at the end of said alley-way, the matter was, on motion, left in the hands of the committee on streets, they to take prompt action thereon."

After this the city marshal, for the purpose of removing said cesspool nuisance, commenced the construction of a sewer; and the jury had, perhaps, the right to find from the evidence that in doing so he acted under the direction of one or more members of said committee on streets. The sewer, while in process of construction, was left open with a twelve-inch plank across it, and without the protection of guards or lights. On a dark night the plaintiff fell into the sewer and was hurt. And for the damages thus received he recovered the judgment.

Without noticing any of the other points made by appellant, it is sufficient to say that it has long been the settled law of this state that a municipal corporation is not liable for personal injuries to individuals, such as that claimed to have been sustained by plaintiff, where there is no statutory provision declaring such liability. There is, no doubt, some conflict of decisions on the question in other states; although it is to be observed that in the New England and some other states there are statutory declarations of the liability. But in California the doctrine above stated has been clearly and continuously adopted; and if any change in the law is desirable, that change must be made by the legislature. And so far, at least, the legislature has shown no disposition to make the change. (*Winbigler* v. *Los Angeles*, 45 Cal. 36; *Tranter* v. *City of Sacramento*, 61 Cal. 275; *Barnett* v. *Contra Costa County*, 67 Cal. 77; *Crowell* v. *Sonoma Co.*,

25 Cal. 315; *Hoffman* v. *San Joaquin Co.*, 21 Cal. 430.)
The nonsuit, therefore, should have been granted; and
the verdict and judgment were against the law and the
evidence.

Judgment and order reversed, and cause remanded.

SHARPSTEIN, J., PATERSON, J., and THORNTON, J., con-
curred.

WORKS, J., dissenting.—I cannot concur in the con-
clusion reached or the doctrine announced in the fore-
going opinion, that a city cannot be held liable for
damages for injuries resulting under the circumstances
of this case.   The obstruction of the street was the di-
rect act of the city.   The work being done, which re-
sulted in such obstruction, was the work of the city, and
not of a contractor.   To deny all remedy as against a
city, under such circumstances, is in many cases a
practical denial of justice.

It may be that some of the cases cited in the prevail-
ing opinion are broad enough to cover this case and
justify the conclusion reached, but if so, they should, in
my judgment, be modified.   Most of the cases are for
mere negligence of the corporation to keep public high-
ways in repair, or perform some other duty devolving
upon its officers.   (*Huffman* v. *San Joaquin County*, 21
Cal. 426; *Sherbourne* v. *Yuba County*, 21 Cal. 113; 81
Am. Dec. 151; *Winbigler* v. *City of Los Angeles*, 45 Cal.
36; *Tranter* v. *City of Sacramento*, 61 Cal. 271; *Moore* v.
*City of Los Angeles*, 72 Cal. 287; *Barnett* v. *Contra Costa
County*, 67 Cal. 77.)

Whether these cases state the law correctly or not, it
is not necessary to determine.   It is enough to say that
they differ materially from the case under consideration.

Two of the cases cited may be fairly construed as
broad enough to cover this case.   (*Crowell* v. *Sonoma
County*, 25 Cal. 313; *Howard* v. *San Francisco*, 51 Cal. 52.)

But so construed, they cannot, in my judgment, be supported either by reason or authority.

Mr. Dillon, in his valuable work on Municipal Corporations, states the rule thus: "Where streets have been rendered *unsafe by the direct act, order, or authority of the municipal corporation* (not acting through independent contractors, the effect of which will be considered presently), *no question has been made or can reasonably exist* as to the liabilty of the corporation for injuries thus produced, where the person suffering them is without contributory fault, or was using due care. Even in those states in which a municipality is not held *impliedly* liable to a private action for neglecting to keep its streets in repair, it is held to be liable if it, or its officers under its authority, by positive acts, place obstructions on the streets, or by such acts otherwise rendered them unsafe, whereby travelers are injured. Where the duty to keep its streets in safe condition rests upon the corporation, it is liable for injuries caused by its *neglect or omission* to keep the streets in repair, as well as those caused by defects caused by the *wrongful acts of others,* but as in such case the *basis of the action is negligence, notice to the corporation of the defect* which caused the injury or facts from which notice thereof may reasonably be inferred, or proof of circumstances from which it appears that the defect ought to have been known and remedied by it, is essential to liability." (Dillon on Municipal Corporations, 3d ed., sec. 1024.)

I take this to be a correct statement of the law, and one that is supported by an overwhelming weight of authority. (Shearman and Redfield on Negligence, secs. 273, 288, 289, 291; *Galveston* v. *Posnaisky,* 62 Tex. 118; 50 Am. Rep. 517; *Barnes* v. *District of Columbia,* 91 U. S. 540; *Ehrgott* v. *New York,* 96 N. Y. 264; 48 Am. Rep. 622; *Nelson* v. *Canisteo,* 100 N. Y. 89; Thompson on Negligence, 735, 736, notes; *Maximilian* v. *New York,* 62 N. Y. 160; 20 Am. Rep. 468; *Harper* v. *City of Milwau-*

*kee*, 30 Wis. 365, 372; *Barton* v. *City of Syracuse*, 36 N. Y. 54; *Eastman* v. *Meredith*, 36 N. H. 284, 294; 72 Am. Dec. 302; *City of Denver* v. *Rhodes*, 9 Col. 554, 562.)

Innumerable cases might be cited to the same effect, but to do so would unnecessarily extend this opinion. Many of them will be found cited in the text-books above referred to. For the reasons stated, I am of the opinion that the judgment and order appealed from should be affirmed.

BEATTY, C. J., concurred in the foregoing opinion of Mr. Justice WORKS.

Rehearing denied.