[No. 12277.   Department One. — December 5, 1889.]

JAMES W. ARNOLD, APPELLANT, v. THE CITY OF SAN JOSE, RESPONDENT.

NEGLIGENCE — UNGUARDED EXCAVATION IN STREET — LIABILITY OF MUNICIPAL CORPORATION — QUESTION OF DUTY IMMATERIAL. — In the absence of a statutory provision imposing a liability, a municipal corporation is not liable for personal injuries occasioned by the negligence of the officers of the corporation in leaving an excavation in the street without guards or light; and its responsibility does not depend upon the question whether the charter requires the streets to be kept in repair, or simply leaves it permissive.

SUPREME COURT — DECISION IN BANK BINDS DEPARTMENT. — The decision
of the majority of the court in Bank is controlling authority when the
same question comes before a Department.  (Per WORKS, J., and FOX, J.)

APPEAL from an order of the Superior Court of Santa
Clara County granting a new trial.

The facts are stated in the opinion of the court.

*Crandall & Biddle,* and *J. C. Black,* for Appellant.

*D. W. Herrington,* and *W. B. Hardy,* for Respondent.

PATERSON, J.—This is an action to recover damages
for personal injuries sustained by plaintiff by falling
into a ditch which defendant had excavated in one of
its streets, and negligently left open during the night
without guards or lights to warn travelers of the danger.

The cause of action is of the same nature as that which
was set up in *Chope* v. *City of Eureka,* 78 Cal. 588, in
which a majority of the court in Bank held that the cor-
poration, in the absence of a statutory provision impos-
ing a liability, is not liable.   In that case, as pointed out
by Mr. Justice Works, " the obstruction of the street was
the direct act of the city," yet the corporation was held
not liable.

A distinction is made by appellant between cases
arising under charters, making it the duty of the city,
as such, to keep streets open and in repair, and those
which make it the duty of the city council to do so.   We
are unable to perceive any merit in the point.   The cor-
poration can act only through its agents, and what they
do within the scope of their authority is " the direct act
of the city."   If the city, through its agents, in attempt-
ing to perform a lawful act, perform it in such a negligent
manner that injury results to a citizen, its responsibility
does not rest upon the question whether the charter by
mandatory provision required the act to be done or
simply left it permissive.   The act is lawful in both

cases; it is the negligence and injury which render it liable if at all. The distinction contended for was not approved in *Winbigler* v. *Los Angeles*, 45 Cal. 36, as claimed by appellant. The court simply said that *according to the argument of counsel*, the liability would devolve upon members of the city council, as the statute imposed the duty upon them, and not upon the corporation as such. The court did not hold that the position taken by counsel was correct. The question was not involved in the case, as the work was done by a private person for his own benefit. The cases all hold that where the work is done by a contractor or abutting owner, the city is not acting through its own agents, and therefore it is not liable. That is all that could be decided in *Winbigler* v. *Los Angeles, supra.*

It results that the complaint does not state any cause of action, and it becomes unnecessary to consider other questions raised. The court below properly set aside the judgment.

The order is affirmed.

WORKS, J., concurring. — I concur on the sole ground that the Department is bound by the decision of a majority of the court in *Chope* v. *City of Eureka*, 78 Cal. 588, from which decision I dissented.

Fox, J., concurring. — I concur solely on the ground that the court in Department is bound by the decision in *Chope* v. *City of Eureka*, 78 Cal. 588.