[L. A. No. 549.    Department Two.—September 28, 1899.]

A. HOPE DOEG, Appellant, v. F. S. COOK et al., Respondents.

NEGLIGENCE—LIABILITY OF MUNICIPAL OFFICERS—NEGLECT OF DUTY.—
    Though an action will not lie against a municipal corporation
    for the misfeasance, malfeasance, or nonfeasance of its officers
    nor against its officers, if their powers are discretionary, yet,
    if their duty is plain, certain, and imperative, or ministerial in
    its nature, and is negligently performed or not performed at all,
    its officers are liable in damages to anyone specially injured as
    the result of their neglect of such duty.

ID.—NEGLECT TO REPAIR STREETS—INJURY FROM DANGEROUS CULVERT—
    LIABILITY OF TOWN TRUSTEES AND MARSHAL.—Where the duty of
    town trustees to keep the streets in repair is correlative with

the right accorded to them by the charter, and the marshal, as *ex officio* street commissioner, is charged with the duty of keeping the streets in repair, they are jointly chargeable for negligently permitting a culvert to remain in an open and dangerous condition, whereby the plaintiff was personally injured from falling therein, in the dark.

ID.—JOINDER OF PARTIES—CONCURRENT NEGLIGENCE—SURETIES ON BOND OF MARSHAL.—Where direct personal injury to the plaintiff was caused by the concurrent negligence of the town trustees and the town marshal, they are properly joined as codefendants; and the sureties on the bond of the marshal may also be joined as codefendants, without awaiting the result of the action against the marshal.

APPEAL from a judgment of the Superior Court of Ventura County. B. T. Williams, Judge.

The facts are stated in the opinion of the court.

B. F. Thomas, for Appellant.

The town trustees had a duty to repair the dangerous culvert in the street, corresponding to the power conferred upon them. (Wharton on Negligence, 2d ed., secs. 284, 291, 956, 961, 963, 965, 968, 975, 976, 978, 981, 997, 1000; Dillon òn Municipal Corporations, 3d ed., secs. 859, 1005; Elliott on Roads and Streets, 504, 506, 507.) It was the duty of the street superintendent to protect the traveling public, and it was the duty of the trustees to see that he performed his duty. (*Sievers v. San Francisco*, 115 Cal. 648, 655, 656; 56 Am. St. Rep. 153; *Kennedy v. Mayor etc.*, 73 N. Y. 367; 29 Am. Rep. 169; *Russell v. Canastota*, 98 N. Y. 496; *Bennett v. Whitney*, 94 N. Y. 302; *Hover v. Barkhooff*, 44 N. Y. 113; *County Commrs. v. Duckett*, 83 Am. Dec. 557, note.) All persons whose negligence contributed to the injury were properly joined as defendants. (17 Am. & Eng. Ency. of Law, 602; *Peckham v. Burlington*, Brayt. 134; *Klauder v. McGrath*, 35 Pa. St. 128; 78 Am. Dec. 329; *Colgrove v. New York etc. R. R. Co.*, 20 N. Y. 492; 75 Am. Dec. 418; *Bryan v. Landon*, 3 Hun, 500; *Consolidated Ice Co. v. Kiefer*, 26 Ill. App. 466; *Tompkins v. Clay Street R. R. Co.*, 66 Cal. 164.) The bondsmen of the marshal were properly joined with him. (*Bell v. Peck*, 104 Cal. 35; *Fuller Desk Co. v. McDade*, 113 Cal. 360.)

W. E. Shepherd, Shepherd & Eastin, and Blackstock & Ewing, for Respondents.

There is no cause of action against the marshal and his sureties. The common council could not delegate their authority to keep the streets in repair. (Throop on Public Officers, par. 573.) There is no cause of action against the trustees. The action required of them was not ministerial. There is a misjoinder of causes of action and of parties. The action against the trustees and marshal in tort cannot be joined with an action *ex contractu* on the bond of the marshal against his sureties. (Code Civ. Proc., sec. 427.)

HENSHAW, J.—This action was brought to recover damages for personal injuries sustained by plaintiff by falling into a culvert on a public highway of the town of San Buenaventura. The defendants are the town marshal, who is also *ex officio* street commissioner, his bondsmen, and the individuals composing the board of town trustees. The charge in the complaint is, that the marshal and the trustees, whose duty it was to maintain the highway in good repair, negligently suffered and permitted the culvert to remain in an open and dangerous condition without railing or protection, and they permitted a railing, which had been erected to guard against the dangers of the culvert, to be removed and failed negligently to replace it. The plaintiff, upon a dark night, fell into the culvert and sustained injuries in compensation for which he brings this action. By the charter of the town it is declared that "the trustees have the power to provide for the opening, lighting, and keeping in good repair streets and alleys," et cetera. (Stats. 1875-76, p. 535, subd. 17.) By subdivision 10 of the same act the marshal "shall perform the duties of street commissioner, and be governed by the provisions of this act, and such regulations or ordinances as the board of trustees may adopt relative thereto." Plaintiff further pleaded an ordinance of the town by which the street in question was declared to be a regularly graded, open, and accepted public street, "and it is hereby declared to be the duty of the street commissioner to keep the same open and in good repair as such."

This complaint was demurred to upon grounds both general and special. The demurrer was sustained, and from the judgment entered thereon plaintiff appealed.

It is first insisted in support of the demurrer—and this may be said to be the principal question in the case—that the complaint states no cause of action because an action will not lie against public officers such as these for injuries resulting from their mere negligent omission. It is well settled in this state that generally an action will not lie against a municipal corporation for the misfeasance, malfeasance, or nonfeasance of its officers (*Huffman v. San Joaquin Co.*, 21 Cal. 426; *Winbigler v. Los Angeles*, 45 Cal. 36; *Chope v. Eureka*, 78 Cal. 588; 12 Am. St. Rep. 113; *Arnold v. San Jose*, 81 Cal. 618); and, if the position of respondent is sound upon this contention, it must result that an injured party, under circumstances such as these, has no redress whatsoever. Upon the question thus presented, it must at once be conceded that there is a conflict in authority, but the very decided trend of modern decision is to hold such officers liable for acts of nonfeasance, or for the negligent performance of a duty when the duty is plain, when the means and ability to perform it are shown, and when its performance or nonperformance, or the manner of its performance, involves no question of discretion. In short, where the duty is plain and certain, if it be negligently performed, or not performed at all, the officer is liable at the suit of a private individual especially injured thereby. Shearman and Redfield on Negligence, third edition, section 156, thus state the rule: "The liability of a public officer to an individual for his negligent acts or omissions in the discharge of an official duty depends altogether upon the nature of the duty to which the neglect is alleged. Where his duty is absolute, certain, and imperative, involving merely the execution of a set task—in other words, is simply ministerial—he is liable in damages to anyone specially injured, either by his omitting to perform the task, or by performing it negligently or unskillfully. On the other hand, where his powers are discretionary, to be exerted or withheld according to his own judgment as to what is necessary and proper, he is not liable to any private person for a neglect to exercise those powers, nor for the consequences of a law-

ful exercise of them where no corruption or malice can be imputed, and he keeps within the scope of his authority." · In *Robinson v. Chamberlain*, 34 N. Y. 389, 90 Am. Dec. 713, the question is considered at length and many cases reviewed. It is there said: "In *Adsit v. Brady*, 4 Hill, 630, 40 Am. Dec. 305, the broad rule is laid down that 'when an individual sustains an injury by the malfeasance or nonfeasance of a public officer, who acts or omits to act contrary to duty, the law gives redress to the injured party by an action adapted to the nature of the case.' This is a healthful rule, sound entirely in public policy, if as a rule of law it can be questioned. As a rule of law, as there applied, it has stood for nearly a quarter of a century, and I think should continue." Without further quotation of authorities upon the question, it will be sufficient to refer to the instructive note to *County Commrs. v. Duckett*, 83 Am. Dec. 557, where the liability of road officials for negligence in repairing and maintaining public highways is elaborately considered, and to Wharton on Negligence, sections 285, 286, and Elliott on Roads and Streets, 506.

We conclude, therefore, that in proper cases—and this assuredly is one—such liability upon the part of a public officer exists. Further, we think that the circumstances under which such liability will attach are sufficiently shown by this pleading. The duty upon the part of the trustees to keep the highways in repair is correlative with the right accorded them by the charter to provide for the opening, lighting, and keeping in good repair the streets of the municipality. Upon the part of the marshal, it appears that he was *ex officio* street commissioner, charged with the duty of street commissioner under the law, and with such duties as might be imposed upon him by the board of trustees of the town, and that by the ordinance the special duty was imposed upon him of keeping this particular street in good repair.

· Further grounds of demurrer were improper joinder of parties defendant, and the misjoinder of causes of action. Herein it is urged that the trustees' negligence, if negligence could be imputed to them, was not joint with the negligence of the marshal; that the marshal and the trustees were in no sense fellow delinquents or joint tort feasors, and the causes of action

were separate. Still further it is urged that, while it was permissible to join the marshal's bondsmen in an action against him for official negligence, the trustees were improperly joined as defendants with those bondsmen. It is unquestionably the rule that an action cannot be maintained against several defendants jointly for damages when there has been no concert of action or unity of design amongst them. But, upon the other hand, where direct personal injury is occasioned by the separate but concurrent negligence of two parties at one and the same time, an action will lie against one and all of them, and it is such an action as is here being prosecuted. (*Tompkins v. Clay Street R. R. Co.*, 66 Cal. 163; *Colegrove v. New York etc. R. R. Co.*, 20 N. Y. 492; 75 Am. Dec. 418; *Klauder .v. McGrath*, 35 Pa. St. 128; 78 Am. Dec. 329; 17 Am. & Eng. Ency. of Law, 602, 603.)

It has been settled in this state since the case of *Van Pelt* v. *Littler*, 14 Cal. 194, that a plaintiff need not first recover judgment against an official before proceeding against the sureties upon his official bond, but that the official and his sureties may be joined in the same action. Since in this case it was proper for plaintiff to unite the marshal with the trustees, and since also it was proper to unite the sureties with the marshal, it is not perceived that either the trustees or the sureties have any just cause of complaint because they are both impleaded. If the result of the litigation should be to exonerate the trustees, the presence of the sureties as defendants would not affect them. If, upon the other hand, the result of the litigation should be to hold the trustees liable and exonerate the marshal, the sureties would go out of the case with their principal, and this could not affect the trustees. If, again, judgment should be rendered finding both the marshal and the trustees liable, there could be but one satisfaction, and, so far as the sureties are concerned, the recovery would be limited to the amount of their official bond, but it could not be injurious to the trustees to have the judgment to the extent of the bondsmen's liability satisfied by them.

It is unnecessary to discuss the question of the validity or invalidity of section 23 of the Vrooman act (Stats. 1885, p. 161), since, as has been said, the duty of the defendants, as trustees and as street commissioner, is clearly established by the charter.

The judgment appealed from is reversed and the cause remanded, with directions to the court to overrule the demurrers.

Temple, J., concurred.

McFARLAND, J.—I concur in the judgment and in the opinion of Mr. Justice Henshaw. It is to be said, however, that this is a case of marked negligence on the part of respondents, and that a street commissioner or road overseer could be held to the exercise of only a reasonable degree of care, and would not be liable for accidents caused by slight imperfections in a highway.

Hearing in Bank denied.