[Civ. No. 755.  Second Appellate District.—March 10, 1910.]

CHARLES SCHINDLER, Appellant, v. C. C. YOUNG et al., Respondents.

STREET ASSESSMENT — FORECLOSURE — SUFFICIENCY OF COMPLAINT — SPECIFICATIONS IN CONTRACT NOT INCREASING CONTRACTOR'S LIABILITY.—In an action to foreclose a street assessment, specifications in .the contract pleaded that "the contractor will be required to observe all the ordinances of the board of trustees in relation to the obstruction of the streets, keeping open passageways and protecting the same where they are exposed and would be dangerous to public travel, and he will be held responsible for all damages the city may have to pay in consequence of his failure to protect the public from injury," impose no additional burdens upon the contractor, and do not affect the sufficiency of the complaint of the contractor to foreclose the assessment, and a demurrer thereto was improperly overruled.

ID.—NATURE OF PROVISION.—Such provision, while having no proper place in the specifications, is clearly distinguishable from those which have been held invalid in increasing the burdens of the contractor. It does not contemplate any obligation devolving upon the contractor after the completion and acceptance of the work; and his obligations were not increased by requiring him to take measures under an ordinance applicable to all persons for the protection of the public from dangers incident to exposed and unprotected obstructions in the highways. Nor could the city be liable to pay damages by reason of a defective street, nor by the contractor's neglect of duty in that respect, nor on account of his negligence in failing to observe the ordinances.

ID.—COST OF WORK NOT INCREASED TO DETRIMENT OF PROPERTY OWNER. Such being the nature of the provision, no ground exists for presuming that by reason of such specifications, the cost of the work was increased to the detriment of the property owner.

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge.

The facts are stated in the opinion of the court.

F. C. Spencer, for Appellant.

F. O. Daniel, for C. C. Young, Respondent.

SHAW, J.—Action to recover the amount of an assessment levied for street improvement against a lot owned by defendant C. C. Young.

Defendant interposed a demurrer upon the ground that the second amended complaint failed to state facts sufficient to constitute a cause of action.  The court sustained the demurrer and denied plaintiff's right to further amend, stating as a reason for such denial that it satisfactorily appeared to the court that plaintiff could not amend his complaint so as to state a cause of action.  Judgment was thereupon rendered for defendant, from which plaintiff prosecutes this appeal.

We regret that respondent has not deemed the case of sufficient importance to justify him in filing points and authorities, or otherwise attempting to aid the court in arriving at a decision upon the appeal.  In the absence of any suggestion on his part directing our attention to other alleged defects in the voluminous complaint, which, with exhibits, covers some thirty-five pages of the transcript, we shall assume, as stated by appellant, that the chief ground upon which the ruling of the court was based was a clause in the specifications under and in accordance with which the proceedings were had and taken and the work required to be done.  This clause is as follows: "The contractor will be required to observe all the ordinances of the board of trustees in relation to the obstruction of streets, keeping open passageways and protecting the same where they are exposed and would be dangerous to public travel, and he will be held responsible for all damages the city may have to pay in consequence of his failure to protect the public from injury."

The court, no doubt, had in view the principle applied in *Brown* v. *Jenks*, 98 Cal. 10, [32 Pac. 701] , *Blochman* v. *Spreckels*, 135 Cal. 662, [67 Pac. 1061], and like cases.  In the former case, the specifications required the contractor to give a bond with sureties conditioned for the keeping of the street so improved in thorough repair for a period of five years from the completion of the contract.  It was not only held that requiring the bond was unauthorized, but that such requirement changes and may increase the burdens of the property owner in that the contractor must charge a higher price for the work by reason of having to keep the street in repair.  Clearly, its effect was to impose a duty upon the contractor other than that which the law imposed and as to

which there was no authority in law for the creation of contractual relations.

The specifications in *Blochman* v. *Spreckels* contained the following provisions: "The contractor shall keep good and sufficient guards around said improvements, by fence or otherwise, to prevent accident, and shall hang thereon lights, to burn from dusk until daylight; and the contractor shall hold the city harmless for any and all suits for damages arising out of the construction of said improvements. The contractor shall, when required to do so by the superintendent of streets, remove from the work any overseer, laborer, or other person, who shall refuse or neglect to obey the said superintendent in anything relating to the work, or who shall perform his work in a manner contrary to these specifications or be found incompetent or unfaithful. All loss or damage arising from the nature of the work to be done under these specifications shall be sustained by the contractor." The court in denying a recovery based its conclusions solely upon the provision requiring the contractor to sustain all loss or damage, which it is held contemplated *any damage* which might subsequently result from the *nature* of the *improvement*. It was further held that the contractual assumption of such liability was unauthorized, and its effect was to increase the burdens imposed upon the property owner. As to the other provisions contained in the specifications, it was intimated a fair interpretation would warrant holding them all to relate to damage during the progress of the work and before the city had accepted it.

In the case at bar the provision, while it had no proper place in the specifications, is clearly distinguishable from those discussed in the above and like cases. It does not contemplate any obligation devolving upon the contractor after the completion and acceptance of the work. Under the contract he assumes no duty other than that which is imposed by law or the city ordinances. His obligations were not increased by the contract requiring him to take measures prescribed by ordinance *applicable to all persons* for the protection of the public from dangers incident to exposed and unprotected obstructions in the public highways. The specifications imposed no additional burdens in this respect. So, too, the contractor in prosecuting the work was liable for

damages to persons who might receive personal injuries by reason of his negligence in failing to observe proper precautions to protect the public, but we know of no provision of law in this state under which the city could be required to pay damages to one injured in consequence of a defective street (*Arnold* v. *City of San Jose*, 81 Cal. 619, [22 Pac. 877]; *Chope* v. *City of Eureka,* 78 Cal. 588, [12 Am. St. Rep. 113, 21 Pac. 364]), or the fact of the contractor neglecting a duty thus enjoined upon him. As the city could in no event be required to pay damages on account of the contractor's negligence in failing to observe the ordinances, the requirement imposed no new or additional obligation upon him. It is, therefore, apparent that the agreement on the part of the contractor to do that which the law, in the absence of a contract, required him to do, though not under the law a subject of contract, and hence unauthorized, added nothing to his duties, obligations or liabilities. This being true, it would seem clear that no ground exists for presuming that, by reason of such specification, the cost of the work was increased to the detriment of the property owner. And since his burdens were not increased, the case is not brought within the principle announced in the cases hereinbefore cited.

The court erred in sustaining the general demurrer.

The court also sustained the demurrer interposed upon the ground that the complaint was ambiguous. An examination of the complaint discloses that, whatever uncertainty may exist therein, it is not obnoxious to demurrer on the ground of ambiguity.

The judgment is reversed, with instructions to the trial court to overrule the general demurrer and permit plaintiff to make such amendment to his complaint as he may be advised.

Allen, P. J., and Taggart, J., concurred.