[Civ. No. 1671.   Second Appellate District.—March 25, 1915.]

## C. E. A. BRUNSON, Appellant, v. THE CITY OF SANTA MONICA (a Municipal Corporation), Respondent.

MUNICIPAL CORPORATIONS—NEGLIGENCE OF OFFICERS—PERFORMANCE OF PUBLIC DUTIES—NONLIABILITY OF MUNICIPALITY.—In the absence of a statutory provision permitting it, an action will not lie against a municipal corporation for damages caused by the negligence of its officers, agents, and servants in the performance of the public or governmental duties of such corporations. On the other hand, it has been established that such corporations are liable for damages caused by negligence in their conduct of some kinds of business carried on by them for the public use, such as gasworks, electric-works, and waterworks.

ID.—MAINTENANCE OF ''DUMP'' ON STREET—NONLIABILITY.—In the absence of a statutory provision declaring otherwise, a municipal corporation in California is not liable in damages for the neglect of its officers or agents in the maintenance or care of streets or bridges; nor for such negligence committed while engaged in repairing a sewer; and this doctrine of nonliability includes the case of the maintenance and operation by a municipality of a dumping ground

on its street which plaintiff was permitted and compelled to use, and which it is alleged was so negligently operated that damage was caused to the horses and wagon of plaintiff which fell in the pit thereof.

Id.—Liability of Public Officers—Defects in Streets—Act of 1911 —Unconstitutionality of.—The act of April 26, 1911 (Stats. 1911, p. 1115), relating to the liability of public officers for damages resulting from defects in streets, etc., is unconstitutional and void as to any purported legislation therein attemping to create a new rule of liability as to such corporations, as the title purports to deal with the liability of public officers for damages resulting from certain specified causes, and this cannot by any process of reasoning be made to include the subject of liability of the public corporations in whose service such officers may be.

Id.—Title of Act—Article IV, Section 24 of the Constitution.— Under article IV, section 24 of the constitution every act of the legislature shall embrace but one subject, which subject shall be expressed in its title, but if any subject shall be embraced in an act which shall not be expressed in its title, such act is void only as to so much thereof as is not expressed in its title.

APPEAL from a judgment of the Superior Court of Los Angeles County.    Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

E. Burton Ceruti, for Appellant.

Hutton, Jensen & Fogel, for Respondent.

CONREY, P. J.—In this action judgment was entered in favor of the defendant under an order sustaining its demurrer to plaintiff's amended complaint without leave to further amend said complaint.    Plaintiff appeals from the judgment.

In the complaint it was alleged that the defendant maintained a dumping ground, "the same being the street, highway, public work and property of said city"; that defendant and its agents, officers, servants, and employees negligently and carelessly operated said dump so that it was in a dangerous and defective condition, and maintained a fire in the pit thereof; and did "compel and permit the plaintiff to use said dump so maintained, operated, and conducted as to cause the horses and wagon of the plaintiff to fall therein and in the pit thereof"; with consequent damage and injury.

In the absence of a statutory provision permitting it, an action will not lie against a municipal corporation for damages caused by the negligence of its officers, agents, and servants in the performance of the public or governmental duties of such corporations. On the other hand, it has been established that such corporation is liable for damages caused by negligence in its conduct of some kinds of business carried on by it for the public use, such as gasworks, electric-works, and waterworks. (*Davoust* v. *City of Alameda,* 149 Cal. 69, [9 Ann. Cas. 847, 5 L. R. A. (N. S.) 536, 84 Pac. 760].)

In the absence of a statutory provision declaring otherwise, a municipal corporation in California is not liable in damages for the neglect of its officers or agents in the maintenance or care of streets or bridges (*Winbigler* v. *City of Los Angeles,* 45 Cal. 36) ; nor for such negligence committed while engaged in repairing a sewer. (*Chope* v. *City of Eureka,* 78 Cal. 588, [12 Am. St. Rep. 113, 4 L. R. A. 325, 21 Pac. 364].) The case at bar comes within the doctrine of these cases of non-liability. The complaint does not definitely state for what purpose the so-called "dump" was being maintained; but it is stated that the dump was a public work of the city and that the plaintiff was compelled, as well as permitted, to use it. This implies the use of a power of compulsion for some public reason, such as the exercise of the police power for protection of the public health. The decisions in other states, to which we are referred in the brief of appellant, show that there is a conflict of decision on the question here presented; but it is equally clear that the rule in this state is as above stated.

An attempt has been made to modify by statutory provisions the rule of law above stated. An act approved April 26, 1911 (Stats. 1911, p. 1115), is entitled: "An act relating to the liability of public officers for damages resulting from defects and dangers in streets, highways, public buildings, public work or property." Section 1 of this act reads as follows:

"If in consequence of dangerous or defective condition of any street, highway, public building, public work or property, any person shall suffer injury to his person or property, no officer who has charge of, or whose duty it is to care for or repair, any street, highway, public building, public work or property, shall be liable for any injury to person or property

arising from the dangerous or defective condition thereof or failure to repair the same, unless such officer shall have had actual notice of such defective or dangerous condition and shall have failed for a reasonable time after such actual notice to repair the same; provided, that such officer had authority to remedy such condition, or to make such repair at the expense of the state, or a political subdivision thereof, and funds were available for that purpose; and provided further that it shall further appear that such damage or injury was sustained while said street, highway, public building, public work, or property was being carefully used and that due care was exercised to avoid such danger, but in all such cases damage may be recovered against the county, city, or city and county, as in ordinary actions for damages, and in cases of judgment recovered against the county, the amount thereof and cost' shall be paid out of the road district fund of the district where the accident occurred, and in all other cases the judgment must be paid out of the general fund of such county, city, or city and county.''

Respondent contends that this act is unconstitutional, at least in so far as it attempts to create a new liability against any county, city, or city and county, for the reason that such liability or nonliability is not a subject within the scope of the act as described in its title. ''Every act shall embrace but one subject, which subject shall be expressed in its title. But if any subject shall be embraced in an act which shall not be expressed in its title, such act shall be void only as to so much thereof as shall not be expressed in its title. . . .'' (Const., art. IV, sec. 24) ''It is not necessary that the title of an act should embrace an abstract or catalogue of the contents. 'When the general purpose of the act is declared, the details provided for the accomplishment of that purpose will be regarded as necessary incidents.' (*Ex parte Liddell,* 93 Cal. 637, [29 Pac. 252].) In *Spier* v. *Baker,* 120 Cal. 370, [41 L. R. A. 196, 52 Pac. 659], it was held that an act, by its title pertaining to primary elections, could not contain legislation as to political conventions. Such character of legislation furnishes a clear example of a violation of the provision of the constitution here involved.'' (*People* v. *Linda Vista Irrigation Dist.,* 128 Cal. 477, 485, [61 Pac. 86, 89].)

Here we have an act which in its title purports to deal with the liability of public officers for damages resulting from

certain specified causes.   This cannot by any process of reasoning be made to include the subject of liability of the public corporations in whose service such officers may be.   The act is void as to any purported legislation therein contained attempting to create a new rule of liability as against such corporations.

The judgment is affirmed.

James, J., and Shaw, J., concurred.