## SHELAEFF v. GROVES et al.
### No. 21135–S.

District Court, N. D. California, S. D.
June 17, 1939.

---

[1] No opinion for publication.

Andrew Bodisco and John W. Herron, both of San Francisco, Cal., for plaintiff.

Earl Warren, Atty. Gen., and F. Walter French, Deputy Atty. Gen., for defendants George H. Payne and Donn Shields.

ST. SURE, District Judge.

The question is as to the liability of public officers for the wrongful death of a youth following participation in a boxing contest.

The alien father of an eighteen-year-old son seeks damages against a veterans organization under whose auspices the contest was held, a licensed physician who observed the physical condition of the boy before the bout, and the members of the State Athletic Commission and its chief inspector.[1]

The complaint, containing five causes of action, alleges, inter alia, that at the time of the contest deceased was afflicted with lobar pneumonia, contracted two days previously, but that he did not "know from what he was suffering"; that it was the duty of the veterans organization, as the corporation licensed to conduct the boxing contest, to conform with § 11(b) of Act 6129, and the rules of the Commission;[2] that the veterans organization and its agent, the licensed physician, failed to make a physical examination of deceased, as required by law, before he entered the ring; that as a result of such negligence, deceased was allowed to participate in a boxing contest "in an unfit, weakened and dangerous condition and that his exertions in the ring together with his inability to properly protect and defend himself from his opponent's blows aggravated the said pneumonia and caused a brain hemorrhage from which deceased died"; that death was caused by the "failure, neglect, violations of law and breaches of duty" of the veterans organization and its physician.

Plaintiff seeks to impose liability for such negligence on the members of the Commission and its inspector, who are sued in their individual capacities. However, the inspector and but one of the commissioners have been served with process, and the views herein expressed apply only to their respective motions to dismiss upon the ground of failure to state a claim upon which relief can be granted.[3]

---

[1] State Boxing and Wrestling Act: Act 6129, General Laws of California (Deering) 1937.

[2] § 11(b) of Act 6129: "Licensed physician to be present. It shall be the duty of every club, corporation, organization or association holding a license to conduct boxing contests, sparring or wrestling matches or exhibitions at its own expense, to have in attendance at every boxing contest, sparring or wrestling match or exhibition, a licensed physician who has had not less than three years' medical practice, whose duty it shall be to observe the physical condition of the boxers and wrestlers, and advise the referee with regard thereto, and one hour before contestants enter the ring to certify in writing over his signature, as to the contestants' physical condition to engage in such contest or exhibition and a report of said medical examinations shall be filed with commission not later than twenty-four hours after the termination of a contest or exhibition."

Rule 56(c): "Boxers shall be examined at 2 p. m. of the day of a scheduled bout and also one hour before entering the ring. Promoters who fail to see that 2 o'clock examination rule is enforced are subject to suspension."

Rule 117(b): "Clubs and club physicians shall be held responsible for the physical and mental condition of boxers and wrestlers upon entering the ring. Special attention shall be given the eyes. Negligence in such matters may result in serious injury, and will result in the suspension of the offending parties."

[3] 12(b) (6) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

In the "Fourth Cause of Action" it is alleged that the inspector "attended the said contest and observed the negligence, derelictions, breaches of duty and violations of law on the part of defendants," veterans organization and its physician, and thus failed and neglected to enforce the law.

The "Fifth Cause of Action" alleges that the members of the Commission "were not causing proper, adequate or complete medical examinations to be given to San Francisco boxing contestants and each of them had actual knowledge that negligent, improper and inadequate examinations were being given" prior to the fatal contest, "and are still being so given"; that they discussed the subject at meetings, but did nothing about it; that their negligence concurred with that of the veterans organization and its physician, and caused the death of the young boxer.

Plaintiff relies upon the elementary proposition of law that public officers may be sued individually and damages recovered for a tort resulting from failure to perform a duty owing to the injured.

 In order to constitute an actionable tort, there must be a duty imposed by statute owing by the defendants to the person injured.[4] In the absence of statutory rule the defendants owed no duty of any kind to young Shelaeff. "In every instance, before negligence can be predicated of a given act, back of the act must be sought and found a duty to the individual complaining, the observance of which duty would have averted or avoided the injury."[5]

Cases cited by plaintiff are based upon a clear duty imposed by statute, such as in Doeg v. Cook,[6] an action to recover damages sustained by falling into an open culvert on the public highway, where the town charter made it the duty of the trustees and marshal to keep the streets in good repair. In such cases, upon proper pleading and proof recovery may be had. Here, the members or officers of the Commission owed no statutory duty to decedent relative to the physician and his examinations. His appointment, duties, and responsibility are specifically provided for in § 11(b) of Act 6129 and Rules 56(c) and 117(b) of the Commission.

There is nothing in the complaint connecting the defendants personally and directly with any wrong. The allegations to the effect that the members of the Commission had actual knowledge of negligent and unlawful practices, before and after the event, and discussed them without action, are wholly immaterial. If true, they might be the basis of investigation by state authorities, but there is no causal connection between them and plaintiff's claim. Likewise, the allegations that the inspector attended the contest and observed the unlawful practices are of no consequence. Liability on the part of the inspector could only arise through a failure to perform a statutory duty owing to the decedent, or by personally directing or cooperating in a wrong in relation to him. The alleged facts are susceptible of but one inference, and that is that the acts of the defendants or either of them were not the proximate cause of the death of the boxer. I doubt if it will be possible for plaintiff to amend so as to state a claim against either the members of the Commission or its inspector, and I am of the opinion that the motion should be granted without leave to amend.

---

[4] 24 Cal.Jurisp. p. 590.

[5] West Virginia Cent. & P. Ry. Co. v. State, 96 Md. 652, 54 A. 669, 671, 672, 61 L.R.A. 574.

[6] 126 Cal. 213, 58 P. 707, 77 Am.St. Rep. 171.