### BATTAT v. HOME INS. CO. OF NEW YORK et al.

### No. 23803–G.

District Court, N. D. California, S. D.

Sept. 14, 1944.

Single, Bryant, Cook and Herrington and Fred S. Herrington, all of San Francisco, Cal., for libelant.

Farnham P. Griffiths and McCutchen, Thomas, Matthew, Griffiths & Greene, all of San Francisco, Cal., and Bigham, Englar, Jones & Houston, of New York City, for respondent Home Ins. Co. of New York.

GOODMAN, District Judge.

By his libel, libelant seeks to recover from respondent, under marine and war risk insurance policies, a loss claimed to have been suffered because of an alleged forced sale at Honolulu, at less than market value, of a cargo of vegetables, fruits, and secondhand newspapers shipped on the S. S. Roseville, a vessel of Norwegian

registry, out of California and Oregon ports, destined for the Philippines.

The libel is in two counts. The facts in each count are the same, but in one, recovery is sought under a "marine" policy, while in the other, loss is predicated upon a "war risk" policy. While the vessel was at sea between Honolulu and the Philippines, Pearl Harbor was bombed by the Japanese. The libel charges that at that time, the vessel was "subject to the commands and under the jurisdiction of the British Navy" and that, pursuant to its (the British Navy's) orders and because the master judged it wise so to do, the vessel put back to Honolulu. While in port there, acting under the order and command of United States naval authorities and the U. S. Maritime Commission, and also because the master thought it wise so to do, the cargo was unloaded and sold for the best price there obtainable. This resulted in an alleged loss of $7,390.44, same representing the difference between the alleged market value and the proceeds of sale. For this loss libelant seeks recovery, in his first count, under a marine insurance policy issued by respondent. Upon the same facts, in the second count, he seeks recovery under a war risk insurance policy. Respondent excepts generally and specially to each count of the libel. By the general exception respondent claims the libel in both counts fails to state a cause of action on the ground that the facts pleaded do not bring the cause within the provisions of the insurance policies.

### First Count (Marine Policy)

■ All pertinent provisions of the marine policy are attached to the libel as exhibits. It appears therefrom that the marine policy by its terms insured only against the "adventures and perils of the sea" and specifically excluded loss or damage occasioned by the perils of war, a risk separately covered under the war risk policy (second count).

Libelant maintains that he should recover under the so-called "refrigeration" and "underdeck coverage" provisions of the policy, because he had a loss reasonably attributable to "discharge of cargo at a port of distress." However, for this coverage to apply, the discharge at port of distress must result from a "peril of the sea." It appears affirmatively from the allegations of the first count that the discharge of the cargo of the S. S. Roseville at Honolulu was not occasioned by a "peril of the sea,"

the risk insured under the policy, but on the other hand resulted jointly and directly from an order of the British naval authorities and the cooperating independent judgment of the master of the vessel. The master's decision was motivated, as alleged, not by the classic perils of the sea or maritime distress, but through fear of Japanese attack. Conceding that the order of the British naval authorities to the master of the ship was in the nature of a "restraint of princes," it was not a risk insured against in the marine policy. Neither the diversion of the vessel's voyage nor the unloading of the cargo at Honolulu and subsequent sale thereof had any causal connection or relation to the risk insured against, to-wit, the "perils of the sea." Hence the first count does not state a cause of action under the terms of the so-called marine policy.

### Second Count (War Risk Policy)

■ It appears from the second count that the loss claimed actually resulted from a "frustration" of the voyage of the S. S. Roseville, a risk specifically excluded under the terms of the policy. The interest insured under this policy was the merchandise of libelant. That interest suffered no loss proximately traceable to the risk specifically covered in the war risk policy.

No "conversion" of the merchandise, constructive or otherwise, occurred so as to bring the cause within the rule pronounced in the Middows case, Forestal Railway Co. Ltd. v. Rickards (1942) A. C. 50, cited by libelant.

Nor is the loss resulting from the alleged order of the United States authorities to unload and sell a risk insured against in the policy. In fact by the terms of the policy (secs. 3a, 3c) losses resulting from such causes are specifically excepted.

Conceding here, as in the case of the Marine policy, that the order of the British naval authorities was "restraint of princes" and therefore generally within the purview of war risk policies, nevertheless the loss upon the sale of the merchandise was not so attributable, but resulted wholly and proximately from the frustration of the voyage.

Each of the two policies is exclusive of the other. Since neither count states facts sufficient to bring libelant within the provisions of the separate policies the general exceptions are valid. By insurance, the insured gets the benefit only of that cover-

age for which he contracts. I am mindful of the rule that in case of doubt, the policies should be construed favorably to the cause of libelant. If there were ambiguity at all, I would promptly resolve the issue in favor of libelant. But that, in my opinion, is not the case here.

Inasmuch as it is clear that the libelant cannot state a cause of action in either count without trifling with the facts, the exceptions to both counts should be and are sustained without leave to amend. W. R. Grace & Co. v. Ford Motor Co. of Canada, 9 Cir., 278 F. 955; Shelaeff v. Groves, D.C., 27 F.Supp. 1018.

In view of the court's ruling, it is unnecessary to pass upon respondent's exception directed to libelant's alleged infirmity of title or the other special exceptions urged.