[Civ. No. 10037.   Second Appellate District, Division One.—April 22, 1936.]

CHARLES J. JACKSON, Appellant, v. THE CITY OF SANTA MONICA (a Municipal Corporation), Respondent.

Paul Blackwood and Bingham Gray for Appellant.

Shattuck, Davis & Story and George H. Moore for Respondent.

Ray L. Chesebro, City Attorney (Los Angeles), and Frederick von Schrader, Assistant City Attorney, as *Amici Curiae,* on Behalf of Respondent.

SHINN, J., *pro tem.*—In this case the opinion heretofore filed was recalled and a rehearing was ordered by the court of its own motion for the consideration of questions of law which were not presented in the briefs or decided by the court, but which were nevertheless presented by the record. They are questions which must necessarily arise frequently and which, for reasons which will appear, we believe should be considered by the court at this time.

Plaintiff was injured while a passenger in a motor bus belonging to the City of Santa Monica and being operated by its employee Dawes. This action, which was against the city alone, went to trial upon the complaint and the answer of the city, which alleged as a special defense that plaintiff had not filed with the city or with the employee Dawes any claim or demand on account of his injuries within 90 days after

the date of the accident, October 5, 1933, and in support of this defense the city relied upon Statutes 1931, page 2476 (Deering's General Laws, Act 5150—to be so referred to hereafter), as amended by Statutes 1933, page 2147, which we shall refer to as the 1933 statute. The sufficiency of this defense was tested at the time of trial, upon plaintiff's demurrer to the same, and the demurrer having been overruled and plaintiff having admitted the facts alleged in the special defense to be true, judgment was entered in defendant's favor without further trial.

The questions now to be considered and which have been argued and briefed by counsel are the following: Does said Act 5150 relate to the liability of municipalities and claims thereunder, and if it purports so to do, is the title of the act sufficient to embrace the provisions which relate to such liability and claims at all, and is it sufficient to embrace the subject of claims of liability not arising out of injuries to person or property resulting from the dangerous or defective condition of streets, public property or buildings?

In the acts to which we shall refer, public thoroughfares, buildings and property are mentioned, as well as public corporations and political subdivisions to which the various acts relate. When we speak of streets hereafter, it may be understood that we mean also highways, buildings, parks, grounds, public works and public property, and when we refer to cities, it may be understood that we mean municipalities, counties, cities and counties, school and other districts, but not the state of California. We shall refer to attorneys for such public corporations as city attorneys.

The title of the act reads as follows: "ACT 5150. An act relating to the liability in damages of officers of municipalities, counties, cities and counties, school districts, and the state of California, in the case of injuries to persons or property resulting from the defective or dangerous condition of public streets, highways, bridges, buildings, works or property, and alleged to be due to the negligence or carelessness of such officers; prescribing the duties of claimants in such cases, and authorizing the state and such public or *quasi*-public corporations to take out and pay for insurance to protect their officers against such liability."

Section 1 of Act 5150 reads as follows: "Whenever it is claimed that any person has been injured or any property

damaged as a result of the dangerous or defective condition of any public street, highway, building, park, grounds, works or property, and/or the negligence or carelessness of any public officer, a verified claim for damages shall be presented in writing and filed with such officer and the clerk or secretary of the legislative body of the municipality, county, city and county, or school district, as the case may be, within ninety days after such accident has occurred. Such claim shall specify the name and address of the claimant, the date and place of the accident and the extent of the injuries or damages received. *In the case of a state officer said notice and claim shall be filed with the governor as well as the officer himself.*'' Section 2 makes it the duty of attorneys for cities (including the attorney for the state of California) to defend, at public expense, suits brought against *officers* for damages claimed as the result of the dangerous or defective condition of streets ''and/or the negligence or carelessness of any public officer''. Section 3 authorizes cities (and the state of California) to insure their *officers* at public expense *against loss by reason of damage claims arising out of the dangerous condition of streets and due to the negligence of officers.*

Section 2 of the act was amended, as stated, in 1933 so as to require city attorneys (including the attorney for the state of California) to defend suits brought against any *officer* on account of injuries to persons or property ''alleged to have been received as a result of the negligence or carelessness of such officer during the course of his service or employment'', as well as suits *against officers* arising out of the dangerous or defective condition of streets alleged to be due to the negligence of such officer; the words ''public property'' were defined to include ''any vehicle, implement or machinery owned by a municipality, county, city and county, school district, or the state of California or operated by or under the direction or authority or at the request of any public officer of a municipality, county, city and county, school district, or the state of California acting within the scope of his office, agency or employment''.

The title of the amending act of 1933 reads as follows: ''An act to amend sections 2 and 4 of an act entitled (title of Act 5150), approved June 19, 1931, extending the provisions of the act to *include suits* against employees as well as officers of municipalities, counties, cities and counties, school districts,

and the state *and to suits* against such officers and employees for alleged negligence or carelessness thereof while engaged in the public service, and defining terms used in the act.''

The respondent City of Santa Monica contends that although the city alone was sued, plaintiff was required to file a claim with the city and the employee within 90 days after the date of the accident, because the injury to plaintiff was alleged to have resulted from the negligence of an employee in operating a city motor vehicle. The argument of the city rests upon the assumption that Act 5150 relates to the liability of cities and to claims based thereon. In considering this question it becomes necessary to refer to other legislation relating to claims against cities based upon their statutory liability for negligence.

On the same day·that Act 5150 was approved, there was also approved a ''companion'' act, Statutes 1931, page 2475 (Deering's General Laws, Act 5149—hereinafter called Act 5149), the title of which reads as follows: ''An act relating to the liability in damages of municipalities, counties, cities and counties, and school districts, in the case of injuries to persons or property resulting from the defective or dangerous condition of public streets, highways, bridges, buildings, works or property; prescribing the duties of the officers thereof in such cases, and authorizing such public or *quasi*-public corporations to take out and pay for insurance to protect *them* against such liability.'' Section 1 of that act requires the filing of claims with the city within 90 days after injuries to person or property caused by the dangerous or defective condition of streets. Section 2 makes it the duty of the attorneys for *cities* to defend suits brought against *cities* upon such claims, and section 3 authorizes *cities* to insure themselves against loss on account of such claims.

The substance of the city's contention may be briefly stated as follows: Act 5149 relates only to claims against *cities* arising out of the dangerous or defective condition of streets; Act 5150, as amended, relates to claims against *cities* and against *officers, deputies, assistants, agents* and *employees,* as well, arising out of the dangerous or defective condition of streets and also to claims against cities and such officers, deputies, assistants, agents and employees based upon their alleged negligence generally, including the negligent operation of motor vehicles. It is claimed that Act 5150 must be

construed as applying to the liability of cities and as requiring claims arising out of the alleged negligence of officers and employees to be filed with the city as a prerequisite to suit against the city, because in each case where an officer or employee is liable there is a corresponding liability upon the part of the city, and that therefore it is to be assumed that every claim based upon alleged negligence of an officer or employee asserted against the individual is also asserted against the city. From this premise it is argued that if the liability of the city did not enter into the matter, and if the liability of the officer alone was the basis of the claim, there would have been no purpose served in requiring the claim to be presented to the officer and filed with the city because the city would have no interest in the matter.

There are reasons why we cannot accept either the premise or the conclusion. It is true, of course, that an officer or employee of a city or the state is liable for personal acts of negligence, equally with other individuals, although the liability of officers with relation to alleged negligence in the maintenance of public property is limited by statute. But an officer or employee may be personally liable for his own negligence without a corresponding liability on the part of the city in whose employ he may be. The city is liable only when the facts of the case meet the conditions of the city's statutory liability. Act 5150 (secs. 1 and 2), in its reference to claims of negligence on the part of officers, was not limited to such acts as were committed within the scope of their service or employment, nor was such limitation accomplished, although it was perhaps attempted by the amending act of 1933 in defining the word "officer" as including agents and employees acting within the scope of their employment. Claims against state officers or employees were required to be filed with the Governor of the state, as well as with the officer or employee. While there is liability on the part of the state for the negligence of its officers or employees in the operation of motor vehicles (Vehicle Code, sec. 400, Stats. 1935, chap. 27), there is no general liability as there is in the case of cities, counties and other political subdivisions for negligence in the maintenance of public property (23 Cal. Jur. 580), nor as in the case of school districts for negligence of officers, agents and employees generally. (School Code, sec. 2.801, as amended by Stats. 1931, p. 2487.) Yet the act makes

no exceptions and requires service of the demand regardless of any liability or claimed liability of the state.

A comparison of Acts 5149 and 5150 will disclose that each act covers the subject of a certain class of claims in the same manner, Act 5149 as to claims against cities, and Act 5150 as to claims against officers. The former relates and is limited to the matter of claims arising under Statutes 1923, page 675 (Deering's Gen. Laws, Act 5619), by which liability of public corporations, including cities, was created, for injuries to person or property resulting from the dangerous or defective condition of public streets. The latter was clearly intended to relate to claims against officers of cities, with relation to the dangerous or defective condition of public streets, which, while it existed independently of statute (*Doeg* v. *Cook,* 126 Cal. 213 [58 Pac. 707, 77 Am. St. Rep. 171]), was limited by Statutes 1911, page 1115, replaced by Statutes 1919, page 756 (Deering's Gen. Laws, Act 5618).

The title of Act 5150 refers exclusively to the liability of officers arising out of the defective or dangerous condition of streets, etc., *and alleged to be due to the negligence or carelessness of such officers.* It has relation to the liability of *officers* which had been the subject of previous legislation, namely, liability in connection with the maintenance of public property as limited and defined by said Act 5618, and this was a distinct and separate liability from that of *cities* created by said Act 5619. Section 1 of Act 5150 relates specifically to the liability of officers arising out of the dangerous or defective condition of streets. Had section 1 stopped there, it could not have been doubted that Act 5150 applied solely to the liability of *officers* corresponding to the liability of *cities,* upon which claims were required to be filed under Act 5149. Turning to section 3 of Act 5150, we find that it authorizes cities (and the state) to insure their officers only against liability arising out of the dangerous condition of streets and due to the negligence of the officers, thus conforming to the title of the act, and providing for the insurance of officers at public expense against the liabilities which cities could insure themselves against under the provisions of section 3 of Act 5149. So far the acts are parallel (except for the inclusion of state officers in Act 5150) and the subjects to which they relate are clear and distinct, one relating to the liability of cities and the other to the liability of officers.

But the legislature has created great confusion and uncertainty by the unfortunate and ill-advised use of the term "and/or" in the text of sections 1 and 2 of Act 5150, that term having been substituted for the phrase "and alleged to be due to", found in the title preceding the words "the negligence or carelessness of such officers". It thus appears probable that the legislature has attempted by the use of this perplexing term to broaden the scope of section 1 of Act 5150, which requires the filing of claims, and of section 2, where "and/or" is again used, with respect to the duty of city attorneys to defend suits against officers, so as to make those two sections apply generally to claims arising out of negligence of officers and to suits thereon against officers, having no relation at all to the limited class of claims, namely, those arising out of the dangerous or defective condition of streets, which had been the subject of previous legislation, and to which the language of the title of the act, as well as the provisions of section 3 of the act, were limited. We cannot believe that the legislature by the use of this careless expression has undertaken to do away with or to revise Act 5149, which alone by its title and its text relates to the matter of filing claims with cities based upon the liability of cities. By the haphazard interpolation of "and/or" it was perhaps intended to require that every demand seeking to hold an officer liable for negligent acts, committed within or without the line of his duties, should be presented to the officer and to the city as well, but it does not follow that the legislature was prescribing procedure for the enforcement of the liability of cities or the state.

Except for the use of "and/or", Act 5150 would have related exclusively to claims arising out of the dangerous or defective condition of streets. It may be assumed that in such cases, where an officer would be liable the city also would be liable. To meet situations where the joint liability was sought to be enforced, two acts were passed. Act 5150 would have had no existence if cities alone were to be charged with liability, and Act 5149 would have been unnecessary if Act 5150 had been understood as applying to the liability of cities. We must give effect to both acts if that can be done, which is not possible if we construe Act 5150 as applying to all cases covered by Act 5149. The legislature clearly did not so intend.

If the negligent act arose out of the dangerous condition of a street and the city was sought to be held liable, a claim would have to be filed under Act 5149. Could it be contended in such a case that if the negligent officer were not to be sued, the claim, arising out of his negligence, would have to be presented to him, also, under Act 5150? And if an officer is guilty of some *other* act of negligence for which the city alone is sought to be held liable, must a claim for damages be presented to the officer before the city can be sued? If Act 5150 applies to the case, service on both the officer and the city would be required, there being no provision therein for filing the claim with the city alone, where the officer is not to be sued. Was it not rather the intention that the claims to be filed under that section were only such as sought to enforce the liability of the officer? If this had not been the intention, then Act 5149 should have been amended so as to apply to all claims of negligence for which cities are liable. The fact that claims against officers must also be filed with the city in cases arising out of the dangerous condition of streets means no more than that the city shall be notified of the claim against the officer, Act 5149 governing if the city is to be held liable. And if it was intended to bring in all claims against officers by the use of the expression ''and/or'', it still was the intention, as we construe the various acts, that the city (or the state) should have notice of the claim against the officer, even though no demand was being made against the city (or the state). There are reasons why it should be so. It is the duty of city attorneys (and the attorney for the state) to defend suits on all claims against officers based upon their negligence, and cities have authority to insure their officers against liability therefor. It is unquestionably to the interest of cities that they be advised of damage claims against their officers. These reasons are sufficient for the requirement that cities receive the claims as well as the officers.

The legislature evidently had grave doubt as to what interpretation might be put upon the expression ''and/or'', for in 1933 when section 2 was amended it was clearly provided that city attorneys (or the attorney for the state) should defend suits against officers in all cases of alleged negligence during the course of their service or employment. But section 1 of Act 5150 was not amended and still remains in its former confused state and subject to the uncertainties we have

pointed out. It is only by means of the definition of the term "officer" as including deputies, assistants, agents and employees that it can be contended, at all, that before a city (or the state) can be held liable for the negligence of an employee a claim must be filed with the employee and with the city (or the governor of the state) under section 1 of Act 5150. Was it the purpose in so amending the law to make it necessary, before the state or a city or school district, alone, could be held liable, that the deputy, assistant, agent or employee alleged to have been guilty of negligence should be sought out and served with a claim for damages? We do not believe so.

When the title of the 1933 amendment is read and the scope of the amendments of Act 5150 is considered, it becomes increasingly apparent that the legislature did not at the time of the amendment have in mind the liability of cities (or the state), for the provisions of the act are extended to include *suits* against employees, as well as *suits* against officers, in the cases authorized by Act 5150 and to *suits* against officers and employees for alleged negligence or carelessness while engaged in the public service, and the liability of cities (or the state) is neither directly nor indirectly mentioned or suggested.

The foregoing reasons persuade us that the purposes of Act 5150 were to prescribe rules of procedure for the enforcement of claims against officers, to provide for the defense of suits for damages against officers, and to authorize the insurance of officers at public expense; the purpose was not to lay out procedure for the enforcement of negligence claims against cities or the state. The filing of claims against officers with cities or the state was required only for the information of city or state authorities. Therefore, under the acts in question, where a city, but not an officer thereof, is charged with liability, a claim need be filed with the city only in the cases specified in Act 5149.

There is another reason for our conclusions, which we deem controlling. To give the act the construction contended for by the city would bring it into conflict with article IV, section 24, of the Constitution, which provides that the subject of an act shall be expressed in its title. The subject of the liability of municipalities (or the state) is not expressed in the title of the act nor in the title of the amending

act. The liability of cities has always been treated as distinct and separate from that of officers and has been dealt with separately by the legislature. The provisions of the act, in so far as they might be read as applying to the liability of cities or to claims based upon that liability, are foreign to the subject of the title of the act and for that reason could not be given effect.

In *Brunson* v. *City of Santa Monica,* 27 Cal. App. 89 [148 Pac. 950], the statute of 1911, to which we have already referred, was under consideration. The title of the act read, "An act relating to the liability of public officers for damages resulting from defects or dangers in streets, highways, public buildings, public work or property." In the body of the act it was sought to fasten a liability on counties, cities and cities and counties in cases of injuries arising out of the dangerous or defective condition of streets, highways, public buildings, public work or property. In holding the title of the act to be insufficient to cover the liability of public corporations, the court, speaking through Mr. Justice Conrey, said: "Here we have an act which in its title purports to deal with the liability of public officers for damages resulting from certain specified causes. This cannot by any process of reasoning be made to include the subject of liability of the public corporations in whose service such officers may be. The act is void as to any purported legislation therein contained attempting to create a new rule of liability as against such corporations." Of this case the Supreme Court said, in *Heron* v. *Riley,* 209 Cal. 507 [289 Pac. 160]: "The title of the act there involved was unquestionably misleading and insufficient, for it very definitely intimated that the act related solely to *liability of public officers,* thus effectively precluding any thought or idea that the body of the act dealt with the liability of the public corporations represented by such officers." Thus the Supreme Court, by approving the holding in the Brunson case, which distinguished between the liability of officers and the liability of public corporations, has made the latter case a controlling authority.

In *Heron* v. *Riley, supra,* where the present question was fully discussed, the title of an act which added section 1714½ to the Civil Code was under consideration. The title related "to negligence upon the part of officers, agents and employees of the state, counties, cities and counties, municipal

corporations, school districts, irrigation districts, districts established by law, and political subdivisions of the state, and authorizing the issuance of insurance covering such liability". The body of the act provided a liability of the political subdivisions named for negligence in the operation of their motor vehicles and it was held that it was not necessary that the title should refer to the liability resulting from the negligence, the court saying, "We do not think it fatal to the act that the title failed to further refer to the subject of liability, for that is a subject germane to and logically falling within the bounds of the title." The court further said, in distinguishing the act then under consideration from the one considered in *Brunson* v. *City of Santa Monica, supra,* "The title of the act in the case at bar does not, in our opinion, as did the title in the Brunson case, restrict the provisions of the act to 'the liability' of any person or persons." By distinguishing between the broad subject of negligence and the particular subjects of the liability of officers or municipalities, *Heron* v. *Riley, supra,* supports rather than opposes the conclusion that the title of Act 5150 is insufficient.

The defendant city contends that *Brunson* v. *City of Santa Monica, supra,* is not in point because in that case matters of substantive law were under consideration, whereas Act 5150 relates merely to matters of procedure with reference to claims arising out of the liability of public officers. The argument again is that if an officer, deputy, agent, assistant or employee is liable, his superior, the city or other political subdivision in whose service he is, must also be liable, and that therefore the title of the act, relating to matters of procedure affecting claims arising out of the liability of public officers, is broad enough to permit of legislation in the body of the act with reference to procedure as to claims arising out of the liability of the corporations in whose service the officers may be. We do not agree that there is less distinction between the matter of procedure to enforce the liability of cities and the matter of procedure to enforce the liability of city officers than there is between the liabilities themselves. Nor is it less important that a statute relating to procedure should bear a title sufficient to put the reader on notice as to the subject-matter covered by the text. The title

óf the act, relating solely to the matter of liability of officers and procedure to enforce the same, given the most liberal construction, excludes the subject of procedure for enforcing the liability of cities and other political subdivisions and precludes legislation thereon in the body of the act.

■ The title of Act 5150 is deficient in another respect. It relates only to the liability of officers for negligence in connection with the dangerous or defective condition of streets. General claims of negligence are not within its scope. The provisions of the original act relating to claims of negligence of classes other than the single one referred to in the title are therefore ineffectual, for the same reasons given on the point last discussed. The amending act of 1933 did not cure the defect in the original title. It does relate to the defense of suits against officers and employees arising out of alleged negligence while in public service, but the matter of presenting or filing claims is not touched upon in the title nor is it covered in the text. If the definition of the word "property" be carried into the title of Act 5150 and be read as including motor vehicles, it still relates only to the dangerous or defective condition of property and not to its operation. In reading the titles of the original and of the amending acts we find nothing therein to indicate that the texts of the acts relate to the filing of claims at all, except in cases arising out of negligence in connection with the defective or dangerous condition of streets.

If the title of Act 5150 should be held sufficient to embrace the texts of the act and of the amending act, with as great propriety it might be urged that it would be necessary for ·one seeking to hold the state liable for the negligent operation of a motor vehicle by a state officer or employee, to present a claim to the officer or employee and also to the Governor of the state, within 90 days after the injury, or be barred from all recourse against the state. The matter of the liability of the state in such a case is a subject which is not expressed in the title of the act.

As further illustrating the inadequacy of the titles of the two acts, it may be pointed out that Act 5150 authorizes the insurance of officers against claims arising out of their alleged negligence in connection with streets. The text of the act follows the title in this matter. Then by the 1933 act

an officer is defined to be any deputy, assistant, agent or employee "acting within the scope of his office, agency or employment". Is an employee to be insured at public expense under this amendment in view of the restricted title of Act 5150? And "public property" has been defined as including motor vehicles. Is a public employee to be insured against claims arising out of the negligent operation of an automobile under an act, the title of which relates to insurance of *officers* against claims arising out of the dangerous or defective condition of streets? These questions of course do not arise in the present case. We call attention to them only to point out the need for revision of the acts in question due to the failure of the legislature to observe the requirement of the Constitution that the subject of an act must be expressed in its title.

Such expression as the Constitution requires in the title of an act, we apprehend, is a statement of the general purpose of the act in language which would convey to the minds of legislators or to members of the public, whose rights are governed by the provisions of the act, a fair conception of the scope of the legislation. If the wording of the title is such as would deceive or mislead the mind of the average reader as to the subject-matter of the legislation, then we think the title does not comply with the constitutional requirement, even though the subject-matter might by intricate processes of reasoning be divined by legal experts or rhetoricians.

We hold, therefore, that plaintiff was not required by Act 5150 to file a claim with the city or to present it to the city employee before he could maintain this action, and that the special defense of the City of Santa Monica, alleging the failure of plaintiff to present such a claim was not a sufficient defense to the action. The court therefore erred in overruling plaintiff's demurrer to such special defense. The judgment is reversed.

York, Acting P. J., and Doran, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 19, 1936.