[Civ. No. 16946. Second Dist., Div. Two. June 3, 1949.]

WIRTH TYREE, Respondent, v. CITY OF LOS ANGELES, Appellant.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, Edwin F. Shinn and Ralph E. Ringwald, Deputy City Attorneys, for Appellant.

William Jerome Pollack for Respondent.

McCOMB, J.—Defendant city appeals from a judgment in favor of plaintiff after trial before a jury in an action to recover damages for injuries resulting from a collision between an automobile in which plaintiff was riding and a motor vehicle driven by an employee of defendant acting within the scope of his employment.

## FACTS

A judgment for $22,500 was rendered against defendant because of damages sustained by plaintiff as a result of the negligent driving of one of the city's automobiles by a city employee. The employee was not a party to the action. A claim was filed by plaintiff, within 90 days of the happening of the accident and before commencing this action, with the clerk of the city council in accordance with sections 363 and 376 of the Los Angeles Municipal Charter.[1]

It was not alleged in the complaint nor was any proof offered that any claim was presented to or filed with the employee of the city, who was driving the city owned automobile, in compliance with the provisions of section 1981 of the Government Code which insofar as material here reads as follows: "Whenever it is claimed that any person has been injured or any property damaged as a result of the negligence or carelessness of any public . . . employee occurring during the course of his services or employment . . . within 90 days after the accident has occurred a verified claim for damages shall be presented in writing and filed with the officer or employee and the clerk or secretary of the legislative body of the . . . municipality . . ."

## QUESTIONS

 First: *May an action for damages caused by the negligent operation of a motor vehicle by an employee of a municipal corporation, acting within the scope of his employment, be maintained against the municipal corporation employer when it is neither alleged nor proved that a written, verified claim for damages was presented to and filed with the negligent employee within 90 days after the negligent act was committed?*

This question must be answered in the affirmative. The precise question here presented has not heretofore been decided by the Supreme Court or a District Court of Appeal of this state. However, it has been decided by the Appellate Department of the Superior Court of the County of Los Angeles. In *Rubin* v. *City of Los Angeles, etc.*, Superior Court Civ. A. No. 6762, the opinion of the appellate department, prepared by Judge Edward T. Bishop and concurred in by Judge Jess E. Stephens, was filed but not published in the reports. Such opinion correctly states the law and the reasons there-

---

[1]Section 376 of the municipal charter requires that a claim be filed within six months of the happening of the accident.

for, and with the omission of immaterial matter is adopted and approved by this court. It reads:

"The defendant city appeals from the judgment rendered against it because of damages sustained by the plaintiff as a result of the negligent driving of a city car by a city employee. A claim had been filed by the plaintiff before she commenced her action, but only with the clerk of the city council, not with the city employee. The defendant city's contention that section 1981 of the Government Code requires that the claim be filed with both the city employee and the clerk of the council before such an action as this may be maintained against the city, presents the crucial question on this appeal. We have concluded that the trial court gave the correct answer to this difficult question, for we find that section 1981 does not apply to claims made against a city.

"In order to understand section 1981 of the Government Code correctly, a review of some of its statutory ancestors is essential. In 1931, two statutes were passed: the first (Stats. 1931, p. 2475) is more easily identified as Act 5149, Deering's General Laws (either 1931 or 1937); the second (Stats. 1931, p. 2476) is known as Act 5150 (Deering's Gen. Laws). The first section of Act 5150, with brackets added, reads as follows: 'Whenever it is claimed that any person has been injured or any property damaged as a result of the dangerous or defective condition of any public street, highway, building, park, grounds, works or property, [and/or the negligence or carelessness of any public officer], a verified claim for damages shall be presented in writing and filed with [such officer and] the clerk or secretary of the legislative body of the municipality, county, city and county, or school district, as the case may be, within ninety days after such accident has occurred. Such claim shall specify the name and address of the claimant, the date and place of the accident and the extent of the injuries or damages received. [In the case of a state officer said notice and claim shall be filed with the governor as well as the officer himself.]' We shall not quote the first section of Act 5149 for it is already before us. It is the section just quoted with the words between the three sets of brackets omitted.

"The second section of Act 5149 authorizes the city attorney to defend any action for damages brought against a city on account of injuries alleged to have been received as a result of the dangerous or defective condition referred to in section 1, and we find similar authority given in section 2 of Act

5150 in the case of an action brought against an officer of the city. In section 3 of Act 5149, cities (and the other governmental units) are authorized to insure themselves against the liabilities resulting from the dangerous or defective condition mentioned before, and the like section of Act 5140 permits cities to insure their officers against the liability made the subject of concern in that act.

"The strong suspicion aroused by the provisions of sections 2 and 3 of these acts that in spite of the general character of the language used in their first section, Act 5149 was meant to apply to claims against cities and Act 5150 to claims against officers of cities, is confirmed by reference to their titles. The title of Act 5149 begins: 'An act relating to the liability in damages of municipalities . . .'; the first words of the title of Act 5150 are: 'An act relating to the liability in damages of officers of municipalities . . .' In *Jackson* v. *City of Santa Monica* (1936), 13 Cal.App.2d 376 [57 P.2d 226], this distinction between the two acts was given judicial recognition. That case was one where it was claimed that a municipal employee had negligently operated a city bus, and in the trial court the city had successfully defended on the ground that a claim had not been filed with the employee and the city clerk, as required by section 1 of Act 5150. The conclusion reached was that Act 5150 did not apply to cases where damages were sought from a city; Act 5149 covered such actions, so far as it went. Act 5150 was found inapplicable for the further reason that neither its title nor that of an attempt to amend it in 1933 (Stats. 1933, p. 2147) was broad enough, constitutionally, to cover claims for damages resulting from the negligent operation of motor vehicles. Section 400 of the Vehicle Code undoubtedly imposes a liability upon a city for such damages, but it is silent respecting the filing of claims in such cases, and, as *Jackson* v. *City of Santa Monica* holds, neither Act 5149, which does not purport to, nor Act 5150, which attempted to, prescribes that a claim shall be filed before suit may be brought against a city on a cause of action arising under section 400, Vehicle Code.

"An attempt was made to correct the title of Act 5150 in 1937, but again a defective title rendered the attempt futile. (*Jackman* v. *Patterson* (1940), 42 Cal.App.2d 255 [108 P.2d 682].) Down to the enactment of the Government Code in 1943 (Stats. 1943, ch. 134) therefore, we had these two statutes of 1931; Act 5149 governing the filing of claims when it was desired to sue a city; Act 5150 controlling when action

was to be taken against an officer or employee. Neither applied to an action brought under section 400, Vehicle Code. (*Dillard* v. *County of Kern* (1943), 23 Cal.2d 271, 274-275 [144 P.2d 365, 150 A.L.R. 1048].)

"The Government Code, in the field in which we are particularly interested, suffered amendments before it became effective, and the amendments are to be found in the official publication, not as a part of the amending statute (Stats. 1943, ch. 557) but as a part of the code itself (Stats. 1943, pp. 973 and 974). These are the pertinent facts respecting these statutes: Act 5150 is twice expressly repealed (Stats. 1943, pp. 1010, and 2127). Act 5149 is not mentioned. We should expect to find a substitute for Act 5150 in the new code, therefore, and we do, although with considerable trimmings. Section 1956 authorizes cities to insure their officers against liabilities, section 2000 provides that city attorneys are to defend suits brought against city officers, and section 1981 (as enacted) reads: 'Whenever it is claimed that any person has been injured or any property damaged as a result of . . . the dangerous or defective condition of any public property, [and] alleged to be due to the negligence or carelessness of any officer, within 90 days after the accident has occurred a verified claim for damages shall be presented in writing and filed with the officer and the clerk or secretary of the legislative body of the school district, county, or municipality, as the case may be. In the case of a State officer the claim shall be filed with the officer and the Governor.' We find no comparable sections covering the subject matter of Act 5149. We entertain no doubt, therefore, that section 1981 as enacted, and so far as it went, was limited, as was Act 5150, to claims against city officers and employees; it did not touch the cases where actions were to be brought against the cities themselves.

"As originally enacted, section 1981 plainly had no application to claims, either against cities or city officers, arising out of the negligence of the latter. By the amendment at the same 1943 session (ch. 557), the scope of the section was enlarged to cover damages resulting from the negligence or carelessness of any public officer or employee, as well as from dangerous conditions of public property due to their negligence, and an action against an officer or employee, arising under section 400, is now controlled by its provisions. (*Huffaker* v. *Decker* (1946), 77 Cal.App.2d 383 [175 P.2d 254].) We discover, however, nothing in the amendment to indicate that the section, which was enacted to supplant the late Act

5150, was intended also to repeal, entirely by implication, Act 5149, or to apply to claims against cities. In this connection we note that the amending statute (ch. 557, which originated as Senate Bill 251) had three objects in view: (1) to amend sections 1956 and 1981 of the Government Code, if that code should be adopted; (2) to repeal Act 5150, whether or no; and (3) to provide a substitute for Act 5150 if the Government Code should fail of passage. The title to the amending act is: 'An act relating to claims against, the liability of public officers and employees, and providing for insurance with respect thereto, amending Sections 1956 and 1981 of the Government Code, and repealing [Act 5150].' We are not disposed to complete this title by adding after the word 'against' the words 'municipalities and counties,' nor to add these words to the statute.''

 Second: *Since section 1981 of the Government Code does not apply to acts of a municipal employee in an action for injury resulting from the negligence of the employee, acting within the scope of his employment, is the municipality subrogated to all the rights of the injured person against the employee?*

This question must also be answered in the affirmative. An act requiring notice of a claim for damages against a municipal employee is for the protection of the employee against unfounded litigation. Hence the action of the injured party in neglecting to serve or present the municipal employee with a claim does not exonerate the employee from negligence. It constitutes merely a waiver of a right to recover against him for his negligence and such waiver does not impair the right of the municipality to be subrogated to the rights of the injured party and to hold its employee responsible for the amount recovered by such party from the municipality. (*Von Arx* v. *City of Burlingame,* 16 Cal.App.2d 29, 38 [60 P.2d 305].)

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 28, 1949.