[Civ. No. 16842.   Second Dist., Div. One.   June 6, 1949.]

ANNA R. SALDANA, Respondent, v. CITY OF LOS
ANGELES, Appellant.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant
City Attorney, and Edwin F. Shinn, Deputy City Attorney,
for Appellant.

David C. Marcus and William Jerome Pollack for Respondent.

DORAN, J.—According to appellant's brief this is an
appeal by the defendant city ''from a judgment in favor of
the plaintiff for damages for bodily injuries and property
damage caused by a collision between plaintiff's automobile
and motor vehicle driven by an employee of the defendant
within the scope of his employment.  The sole question in-

volved is whether the plaintiff complied with the statutory requirements for the filing of a claim as a condition precedent to the maintenance of the action." The action herein was against the city, not against the employee.

The complaint, as amended at the trial, substantially alleges that the collision in question, resulting from the employee's negligence, occurred on November 22, 1945; that on November 26, 1945, respondent filed a written claim for damages with the city clerk, specifying the name and address of respondent, the nature of the injury and damage, and a description of the manner in which the collision occurred. It is not alleged, however, that any claim was filed with the employee.

It appears from the record that the employee, Oscar Gartrell, while driving a loaded rubbish truck in a southerly direction on Los Angeles Street near Commercial Street in Los Angeles, struck the rear of plaintiff's automobile. Shortly thereafter, according to appellant's brief, "respondent's daughter was given the name and address of the driver of the rubbish truck and thereafter talked to the driver on the telephone." The driver was not a party to the action, and, as hereinbefore indicated, the only written claim was that filed with the city clerk.

The trial court found that the collision and respondent's damage were proximately caused by the employee's negligent operation of the truck while the latter was acting within the scope of employment; further, that the claim was duly filed with the city of Los Angeles as alleged in the complaint. Judgment was entered for the respondent in the sum of $2,500 for personal injuries, $477 for medical and hospital expenses, and $160 for damage to respondent's automobile.

Only one question is presented by this appeal, stated as follows in the brief filed by the appellant city: "May an action for damages caused by the negligent operation of a motor vehicle by an employee of a municipal corporation acting within the scope of his employment, be maintained against the municipal corporation when it is neither alleged nor proved that a written verified claim for damages was presented to and filed with such negligent employee within ninety days after the negligent act was committed?"

Section 1981 of the Government Code, on which appellant's argument is predicated, is a part of chapter 6 entitled "Liability of Officers and Employees," and reads as follows:

"Whenever it is claimed that any person has been injured or any property damaged as a result of the negligence or carelessness of any public officer or employee occurring during the course of his service or employment or as a result of the dangerous condition of any public property, alleged to be due to the negligence or carelessness of any officer or employee, within 90 days after the accident has occurred a verified claim for damages shall be presented in writing and filed with the officer or employee and the clerk or secretary of the legislative body of the school district, county or municipality, as the case may be. In the case of a State officer the claim shall be filed with the officer and the Governor."

It is appellant's contention that "Section 1981 . . . must be complied with by an injured party before the cause of action . . . can be maintained against the appellant (city); that Section 1981 . . . requires that a verified claim be filed with *both* the negligent employee and with the appellant's clerk." Appellant further argues that "If Section 1981 . . . does not apply to actions against a municipal corporation," the action herein "nevertheless cannot be maintained . . . unless the claim is filed with such employee in the manner and within the time provided by Section 1981." In reference to the latter contention, appellant argues that unless such notice to the negligent employee be required, the city's right of subrogation to recover from such employee the amount of any judgment recovered by the injured party against the municipality, as provided for in section 400 of the Vehicle Code, may be adversely affected or destroyed.

The respondent's position as set forth in its brief, is that section 1981 of the Government Code, "is the offspring of [Stats. 1931, p. 2476] Act 5150 Deering's General Laws [1937]," and that "It has been clearly and definitely determined every time the question has been raised that Act 5150 applied only to actions against *public officers and employees*. (*Jackson* v. *City of Santa Monica* (1936), 13 Cal. App.2d 376 [57 P.2d 226]; *Jackman* v. *Patterson* (1940), 42 Cal.App.2d 255 [108 P.2d 682]; *Dillard* v. *County of Kern* (1943), 23 Cal.2d 271, 274-275 [144 P.2d 365, 150 A.L.R. 1048].) A persuasive factor in the determination of these cases was the fact that the title to Act 5150 prevented the act from being applicable to actions against governmental employers. We have the identical situation with regard to the title to Section 1981 as amended of the Government Code." Respondent also calls attention to the fact that "The Appellate

Department of the Superior Court of Los Angeles County has twice decided this identical question against the appellant'' in *Bertha Rubin* v. *City of Los Angeles,* Civil Appeals 6762, which is reprinted as an appendix to respondent's brief, and in *John Richard Anderson* v. *City of Los Angeles,* Civil Appeals 6814 in which latter case no written opinion was filed.

The facts in the case of *Bertha Rubin* v. *City of Los Angeles,* Appellate Department of Superior Court, Los Angeles County, Civil Appeals No. 6762, cited by respondent, are practically identical with those of the instant case. The action in the Rubin case was for damages sustained as a result of negligent driving of a city car by a city employee. The plaintiff there as here, had filed a claim only with the city clerk, and not with the city employee. The city there as here contended that Section 1981 required that plaintiff's claim be filed with both the city and the employee although the action was against the city only. After reviewing the legislative and judicial history in reference to section 1981 and the preceding enactments, the court came to the conclusion that ''section 1981 does not apply to claims made against a city.''

In order to understand the purport of section 1981 it is necessary to note that in 1931, two statutes were passed, namely [Stats. 1931, p. 2475], Deering's General Laws, 1937, Act 5149—''An act relating to liability in damages of *municipalities*''; and Act 5150,—''An act relating to the liability in damages of *officers* of municipalities.'' (Italics added.) In *Jackson* v. *City of Santa Monica,* 13 Cal.App.2d 376, 386 [57 P.2d 226], the distinction between the two acts is judicially recognized. A municipal employee was there claimed to have negligently operated a city bus, and in the trial court the city successfully defended upon the ground that claim had not been filed with both the city clerk and the negligent employee. Reversing the judgment the reviewing court commented on the title of the act and the apparent legislative intent, and concluded that ''the purposes of Act 5150 were to prescribe rules of procedure for the enforcement of claims against officers . . . Therefore, under the acts in question, where a city, but not an officer thereof, is charged with liability, a claim need be filed with the city only in the cases specified in Act 5149.''

Although attempts were made to correct the title of Act 5150, the appellate court again refused to extend the application of this act in *Jackman* v. *Patterson,* 42 Cal.App.2d 255 [108 P.2d 682]. And in *Dillard* v. *County of Kern,* 23 Cal.2d

271 [144 P.2d 365, 150 A.L.R. 1048], it was held, quoting the headnote, that Act 5150, as amended in 1937, "applies only to actions against officers or employees of the agency and not to actions against the agency." These and other cases are discussed in the Rubin case hereinbefore mentioned.

As set forth in respondent's brief, section 1981, the basis of the present contention, "is the offspring of Act 5150." In the enactment of the statute the Legislature must be presumed to have been familiar with the decisions construing previous, similar statutes. Nor can the law making body be deemed to have intended anything other than clearly indicated in the title and body of the later enactment.

Appellant's contention that plaintiff's action must fail because claim therefor was not filed with both city and employee notwithstanding the action was against the city only, finds support neither in reason nor in any of the cases cited. *Huffaker* v. *Decker*, 77 Cal.App.2d 383 [175 P.2d 254], cited by appellant, decides nothing more than that an action against *an employee* for alleged negligent operation of a motor vehicle, must be preceded by the filing of a verified claim as required by section 1981. Since the present action is not against the employee but against the city, the Huffaker case furnishes no authority for appellant's contention.

The further arguments of appellant to the effect that unless notice is given to the city as well as to the employee, the city's right to subrogation will be imperiled; hence, that such notice should be required even if section 1981 be inapplicable to the case at bar, is without merit. Judicial review cannot take the place of legislative function; disposition of the present appeal must rest upon a reasonable interpretation of the law as it now exists.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 28, 1949.