[Civ. No. 17080.   Second Dist., Div. One.   Feb. 16, 1950.]

MARCELLA B. GLENN, Respondent, v. CITY OF LOS ANGELES, Appellant.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, Edwin F. Shinn and Alan G. Campbell, Deputy City Attorneys, for Appellant.

Charles E. Beardsley and Montgomery G. Rice for Respondent.

DRAPEAU, J.—Plaintiff and her sister were crossing the intersection of Sixth Street and Manhattan Place in Los Angeles. They were walking from north to south on the easterly crosswalk of the intersection, plaintiff on the right of her sister. It was daylight of a summer's evening, and the pavements were dry.

As the two ladies reached the curb on the south side of Sixth Street and one of them stepped up onto the curb, they were struck by a wildly careening automobile. This automobile was on fire; it continued into a building across the sidewalk, and set it on fire, too.

The plaintiff was seriously injured. She was hospitalized and at home in bed for approximately five months. And she lost that time, and more, from her work.

The intersection in question was "protected" by stop signs in Manhattan Place on the north and south sides of Sixth Street.

The automobile which struck the plaintiff was the property of the city of Los Angeles and was driven by Mr. Earl Rombeau, a police officer employed by the city, and at the time engaged in his duties as such.

Up to this point there is no conflict in the testimony and no argument as to the truth of the facts recited.

Mr. Rombeau testified that he had been driving easterly along Sixth Street. Approaching the intersection he saw no cars coming north or south on Manhattan Place. When he was halfway through the intersection the left front end of his car was struck with terrific force by an automobile going south on Manhattan Place.

The manager of a store near the intersection had just closed up and was standing on the sidewalk at the intersection. He testified, corroborating the officer's testimony; and, further, that the car which struck the city car was going 35 to 40 miles an hour, went right past the boulevard stop without slackening its speed, and ran into the city car.

The defendant, Mr. Alfred J. Barber, the driver of the car coming south on Manhattan Place, testified that he was going slowly; that he made the boulevard stop as he should have made it, and then proceeded in low gear out into the intersection; that when he was past the center of the intersection his car was struck by the city car; that the city car had been coming toward him at a speed of 50 miles an hour. This testimony was corroborated by a friend of Mr. Barber, who was riding with him in the front seat.

The case against the defendant Rombeau was dismissed, because he had not been served with the claim required by section 1981 of the Government Code. This left Mr. Barber and the city of Los Angeles as defendants. The issues were presented to a jury, which found for the plaintiff, the injured lady, and against both Mr. Barber and the city, and fixed her damages at $4,000. Judgment followed, from which the city appeals.

The city proposes two grounds for reversal of the judgment:

First: That a claim was not presented to the city within 90 days from the date of the accident, as required by Government Code, section 1981. (Section 376 of the municipal charter requires that a claim be filed within six months of the happening of the accident. Plaintiff's claim was filed within that time.)

Secondly: That the trial court erred in overruling objections to testimony.

The first proposition is now settled adversely to the city's contention. Government Code, section 1981, has no application in an action against a municipality. (*Tyree* v. *City of Los Angeles,* 92 Cal.App.2d 182 [206 P.2d 912] ; *Saldana* v. *City of Los Angeles,* 92 Cal.App.2d 214 [206 P.2d 866].) In both cases hearings in the Supreme Court were denied.

The second proposition involves the testimony of the defendant Barber, and his corroborating witness, as already narrated. The defendant city objected to this testimony, and the objection was overruled. This evidence in support of the issues in the defendant Barber's case was clearly admissible; and to the extent that it proved the proximate cause of the accident to have been the negligence of Mr. Rombeau, it was admissible against the city.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied March 6, 1950, and appellant's petition for a hearing by the Supreme Court was denied April 13, 1950.