[L. A. No. 21280. In Bank. Apr. 4, 1950.]

H. G. ANSELL, Appellant, v. CITY OF SAN DIEGO et al.,
Respondents.

J. A. Donnelley and Richard P. MacNulty for Appellant.

Jean F. DuPaul, City Attorney, McInnis & Hamilton and J. W. McInnis for Respondents.

SCHAUER, J.—Plaintiff appeals from a judgment of dismissal of his action for damages against defendant city of San Diego, a municipal corporation, resulting from a collision

between an automobile owned and driven by plaintiff and a rubbish truck owned by defendant and allegedly negligently operated by a city employe while acting within the scope of his employment. The record on appeal consists of a clerk's transcript and, by stipulation of the parties, a partial reporter's transcript. Trial was before the court without a jury. The allegedly negligent city employe was originally joined as a defendant but before trial the action was by stipulation dismissed as against him.

The parties agree that the sole issue on appeal is whether plaintiff sufficiently complied with claim provisions of section 1981[1] of the Government Code, and the reporter's transcript sets forth only the evidence relating to that issue.[2]

 It appears, however, that an action for damages caused by the negligent operation of a motor vehicle by an employe of a municipal corporation, acting within the scope of his employment, may be maintained against the municipal corporation employer (see Veh. Code, § 400) without alleging or proving compliance with section 1981 of the Government Code. That section is found in a chapter (ch. 6 of div. 4 of tit. 1) of the Government Code which deals with liability of officers and employes of public agencies and provides for the filing of a claim with both the officer or employe *and* the clerk or secretary of the legislative body of the public agency. The section (1981) is based upon Statutes 1931, page 2476, chapter 1168, section 1, first, third sentences, page 2477, as amended

---

[1] That section reads as follows: ''Whenever it is claimed that any person has been injured or any property damaged as a result of the negligence or carelessness of any public officer or employee occurring during the course of his service or employment or as a result of the dangerous or defective condition of any public property, alleged to be due to the negligence or carelessness of any officer or employee, within 90 days after the accident has occurred a verified claim for damages shall be presented in writing and filed with the officer or employee and the clerk or secretary of the legislative body of the school district, county, or municipality, as the case may be. In the case of a State officer the claim shall be filed with the officer and the Governor.''

[2] At the time of the collision here involved the charter of San Diego (§ 110; Stats. 1939, p. 3175) provided that ''No suit shall be brought on any claim for money or damages against the City of San Diego, or any officer or commission of the City, until a demand for the same has been presented to the Auditor and Comptroller and rejected in whole or in part by the Council. If rejected in part, suit may be brought to recover the whole. Except in those cases where a shorter period of time is provided by law, all claims for damages against the City must be presented within six months after the last item of the account or claim has accrued.'' Pursuant to such charter provisions plaintiff did, within six months after the accident, file a demand with the city auditor and comptroller.

(2 Deering's Gen. Laws, Act 5150, § 1), the provisions of which were unanimously declared by this court in *Dillard* v. *County of Kern* (1943), 23 Cal.2d 271, 274 [144 P.2d 365, 150 A.L.R. 1048], to apply "only to actions against officers or employees of the public agency and not to actions against the public agency." Support for the declarations of the Dillard case is found in *Jackson* v. *City of Santa Monica* (1936), 13 Cal.App.2d 376, 386 [57 P.2d 226] (hearing by this court denied) ; *Raynor* v. *City of Arcata* (1938), 11 Cal.2d 113, 122 [77 P.2d 1054] ; and *Redlands etc. Sch. Dist.* v. *Superior Court* (1942), 20 Cal.2d 348, 357 [125 P.2d 490]. Thus, in the Jackson case it is stated that "the purposes of Act 5150 were to prescribe rules of procedure for the enforcement of claims against officers, to provide for the defense of suits for damages against officers, and to authorize the insurance of officers· at public expense; the purpose was not to lay out procedure for the enforcement of negligence claims against cities or the state. The filing of claims against officers with cities ·or the state was required only for the information of city or state authorities. Therefore, under the acts in question [2 Deering's Gen. Laws, Acts 5149 and 5150], where a city, but not an officer thereof, is charged with liability, a claim need be filed with the city only in the cases specified in Act 5149 [claims of liability by reason of dangerous or defective condition of public property]." And in the Raynor case this court pointed out that "The provisions of [Act 5149] . . . are not applicable herein, where the injury is alleged to have resulted from negligent operation of a public motor vehicle, rather than from the dangerous or defective condition of public property. Act 5150 (Stats. 1931, p. 2476) relates to liability of public officers, not to liability of the city or other governmental agency. [Citing the Jackson case, *supra*]."

It may also be noted that a comparison of the language of section 1981 with those provisions of section 1 of Act 5150 upon which it is based clearly indicates that insofar as concerns the point here at issue the provisions of the two statutes are substantially the same, and that therefore, pursuant to the requirement of section 2[3] of the Government Code, the later enactment (§ 1981) is to be construed as a restatement and continuation of the earlier (Act 5150). Consistently with the construction principle laid down by section 2 of the Govern-

---

[3]"The provisions of this Code in so far as they are substantially the same as existing statutory provisions relating to the same subject matter shall be construed as restatements and continuations, and not as new enactments."

ment Code, it was directly held in *Tyree* v. *City of Los Angeles* (1949), 92 Cal.App.2d 182, 184 [206 P.2d 912] (quoting the unpublished opinion authored by Judge Bishop for the appellate department of the superior court in *Rubin* v. *City of Los Angeles*), and *Saldana* v. *City of Los Angeles* (1949), 92 Cal.App.2d 214, 217 [206 P.2d 866] (also citing Judge Bishop's opinion in the Rubin case) that "section 1981 does not apply to claims made against a city" and that failure to file the claims with the respective employes charged by the plaintiff with negligent driving in those cases did not, insofar as the provisions of section 1981 are concerned, preclude action against the city. And in express reliance upon those two cases it has more recently been held in *Glenn* v. *City of Los Angeles* (Feb. 16, 1950), 96 Cal.App.2d 86 [214 P.2d 533], that presentation of a claim to the city was not required by section 1981 in order to hold the city liable for damages when plaintiff was struck by a negligently operated city-owned automobile.

Defendant city can find no comfort in the holding of *Artukovich* v. *Astendorf* (1942), 21 Cal.2d 329, 333 [131 P.2d 831] (see, also, *Johnson* v. *County of Fresno* (1944), 64 Cal. App.2d 576, 578 [149 P.2d 38]), that under the provisions of former Political Code, section 4075 (now found in Gov. Code, §§ 29700-29721), a claim must be filed with a county before it can be held liable for injuries resulting from the negligent driving of a county truck. Political Code, section 4075, unlike Government Code, section 1981, specifically provided that "All claims against any county . . . shall be presented to the board of supervisors . . . before any suit may be brought on any such claim, and no suit shall be brought on any such claim until said claim has been presented as herein provided . . ."

We hold that section 1981 of the Government Code does not apply to or control claims or actions against a public agency; any contrary implications in *Johnson* v. *County of Fresno* (1944), *supra*, 64 Cal.App.2d 576, 578, and *Abrahamson* v. *City of Ceres* (1949), 90 Cal.App.2d 523, 528 [203 P.2d 98], are disapproved.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the law as hereinabove declared.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.