[Civ. No. 23200. First Dist., Div. One. June 19, 1968.]

ELENA FONSECA, a Minor, etc., Plaintiff and Appellant, v. COUNTY OF SANTA CLARA et al., Defendants and Respondents.

Boccardo, Blum, Lull, Niland, Teerlink & Bell, Stanley A. Ibler, Jr., and Edward J. Niland for Plaintiff and Appellant.

Hoge, Fenton, Jones & Appel, Charles H. Brock and John L. Hendry for Defendants and Respondents.

SIMS, J.—Plaintiff, a minor who seeks to recover damages for personal injuries allegedly suffered in 1950, has appealed from a judgment of dismissal entered upon an order sustaining without leave to amend the demurrer of defendant, County of Santa Clara, upon the ground that plaintiff failed to file her claim within the time provided by statutes in effect at and after her alleged injury. Submission of the case was deferred pending decision in *Williams* v. *Los Angeles etc. Transit Authority* (1968) 68 Cal.2d 599 [68 Cal.Rptr. 297, 440 P.2d 497], because of possible implications of that case on the time within which a minor may file a claim or actions against a public entity.

*Williams* recognizes that even for a minor, presentation of a claim within the period provided by law is a condition precedent to the accrual of a cause of action (*Artukovich* v. *Astendorf* (1942) 21 Cal.2d 329, 331-332 [131 P.2d 831]) (68 Cal.2d at pp. 604 and 605, 608-609, and see fn. 7, p. 606, and concurring opinion of Burke, J., at p. 609.) Plaintiff's argument that a cause of action, arising in 1950 and not recognized because of the doctrine of sovereign immunity prior to the decision in *Muskopf* v. *Corning Hospital Dist.* (1961) 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], could

not have been embraced within the claim statutes then in effect is rejected, and the judgment must be affirmed.

The complaint, filed September 23, 1964, alleges that plaintiff is a minor; that on or about July 3, 1950 she was admitted to the Santa Clara County Hospital owned and operated by the defendant County of Santa Clara, for treatment of dehydration; that by reason of negligence in the diagnosis, treatment, care and management of plaintiff, she suffered the injuries and damages of which she complains; and that on July 17, 1964 a claim was filed on her behalf with the County of Santa Clara which was denied August 4, 1964.

The defendant county demurred on the ground that the complaint showed on its face that no claim had been filed, as required by law. It relied and relies upon the provisions of section 29700 et seq., particularly sections 29702, 29704 and 29705, and of section 1981 of the Government Code as they existed in 1950.[1] Defendant recognizes that the requirement of presenting a claim within 90 days, which is set forth in section 1981, only applies to the cause of action against the public officer or employee. (See *Saldana* v. *City of Los*

---

[1]These sections provided: Section 29702: "A claim shall be filed within a year after the last item accrued." (Stats. 1947, ch. 424, § 1, p. 1233.)

Section 29704: "Any claim against the county or any public officer in his official capacity payable out of any public fund under the control of the board, whether founded upon contract, express or implied, or upon any act or omission of the county or any county officer or employee, or of any district or public entity the funds of which are controlled by the board, or of any officer or employee of any such district or public entity, shall be presented to the board before any suit may be brought thereon. No suit shall be brought on any claim until it has been rejected in whole or in part."

Section 29705: "Any claim not founded upon contract shall be in writing signed by the claimant or someone authorized by him, stating: (a) Full details as to the nature of the claim. (b) The time and place it arose. (c) The public property and public officers or employees alleged to be at fault. (d) The nature, extent, and amount of the injury or damage claimed. (e) All other details necessary to a full consideration of the merit and legality of the claim. In all other respects the claims shall be presented and acted upon in the same manner as claims founded upon contracts." (Stats. 1947, ch. 424, § 1, p. 1233.)

Section 1981: "Whenever it is claimed that any person has been injured or any property damaged as a result of the negligence or carelessness of any public officer or employee occurring during the course of his service or employment or as a result of the dangerous or defective condition of any public property, alleged to be due to the negligence or carelessness of any officer or employee, within 90 days after the accident has occurred a verified claim for damages shall be presented in writing and filed with the officer or employee and the clerk or secretary of the legislative body of the school district, county, or municipality, as the case may be. In the case of a State officer the claim shall be filed with the officer and the Governor." (Stats. 1943, ch. 134, § 1981, p. 974.)

*Angeles* (1949) 92 Cal.App.2d 214 [206 P.2d 866]; *Tyree* v. *City of Los Angeles* (1949) 92 Cal.App.2d 182 [206 P.2d 912]; Ward, *Requirements for Filing Claims Against Governmental Units in California* (1950) 38 Cal.L.Rev. 259, 263-264.) Defendant asserts, however, that by its terms section 1981 was part of a general scheme to encompass all claims resulting from alleged negligence or carelessness of any public officer or employee, just as section 29704 includes ''any claims against the county . . . founded . . . upon any act or omission of the county or any county officer or employee.''

As noted above, the provisions of former Political Code section 4075, upon which sections 29702 and 29704 were predicated, required a minor to file a claim within the period prescribed by law. (*Artukovich* v. *Astendorf*, *supra*, 21 Cal.2d 329. See also *Thompson* v. *County of Los Angeles* (1934) 140 Cal.App. 73, 78 [35 P.2d 185]; *Phillips* v. *County of Los Angeles* (1934) 140 Cal.App. 78, 79-80 [35 P.2d 187]; and *Parker* v. *County of Los Angeles* (1943) 62 Cal.App.2d 130, 133 [144 P.2d 70].)

Plaintiff would escape the foregoing requirement by limiting the application of the then extant claim statutes to causes of action which were then recognized, such as those arising under Public Liability Act of 1923, subsequently codified as section 53051 of the Government Code, or arising under the provisions then found in Vehicle Code section 400. She asserts that it would have been futile to file a claim as an alleged cause of action which was not recognized because of the doctrine of sovereign immunity. (See *Talley* v. *Northern San Diego County Hospital Dist.* (1953) 41 Cal.2d 33, 39 [257 P.2d 22]; *Waterman* v. *Los Angeles County General Hospital* (1954) 123 Cal.App.2d 143, 144 [266 P.2d 221]; and *Calkins* v. *Newton* (1939) 36 Cal.App.2d 262, 264, 267-268 [97 P.2d 523].) She asserts that any delay in filing a claim between the time of the decision in *Muskopf* and the date she did file is covered by the moratorium provided by former Civil Code section 22.3, and that the claim was properly filed as a late claim under Government Code section 911.6, as adopted in 1963.

In *Frost* v. *State of California* (1966) 247 Cal.App.2d 378 [55 Cal.Rptr. 652] (criticized and limited on the question of the statute of limitations in *Williams*, *supra*, 68 Cal.2d at pp. 605-606, particularly fn. 7), the court stated: ''That a cause of action which might not have been pursued against a public entity prior to *Muskopf* nevertheless existed prior to that

decision and arose at the time of the occurrence of the injuries is recognized in *Jones* v. *City of Los Angeles,* 215 Cal.App.2d 155, 156 [30 Cal.Rptr. 124], and in *Bell* v. *City of Palos Verdes Estates,* 224 Cal.App.2d 257, 261 [36 Cal.Rptr. 424]. The filing and rejection of a claim are merely conditions that have been attached to the right or permission to commence and maintain an action against State. The distinction between the cause of action and the claim based thereon receives continuing recognition in section 901 Government Code, which is a part of the comprehensive legislative scheme enacted in 1963 to govern the tort liability of public entities. [Fn. omitted.] There is nothing in the cases of *Tietz* v. *Los Angeles Unified School Dist.,* 238 Cal.App.2d 905 [48 Cal.Rptr. 245], or *A. Teichert & Son, Inc.* v. *State of California,* 238 Cal.App. 2d 736 [48 Cal.Rptr. 225], that compels a conclusion that plaintiff's alleged causes of action arose or accrued after February 27, 1961. . . . Although the right to maintain them was not authorized prior to the *Muskopf* decision, those causes of action that arose prior thereto of the class first given recognition in *Muskopf,* are, nonetheless, to be governed by the then existing claims provisions of the Government Code. (*Dias* v. *Eden Township Hospital Dist.,* 57 Cal.2d 502 [20 Cal.Rptr. 630, 370 P.2d 334].) '' (247 Cal.App.2d at pp. 382-383.)

In *Dias* v. *Eden Township Hospital Dist.* (1962) 57 Cal.2d 502 [20 Cal.Rptr. 630, 370 P.2d 334], the court rejected the argument that it was unnecessary to file a claim to prosecute a cause of action which arose before, but was not cognizable until after the decision in *Muskopf.* The opinion states: ''There is no merit to plaintiffs' argument that our decision in *Muskopf* v. *Corning Hospital Dist.,* 55 Cal.2d 211 [11 Cal. Rptr. 89, 359 P.2d 457], in effect eliminated the requirement for presentation of claims as a condition to the maintenance of actions against public entities. [Fn. omitted.] Prior to that decision claim statutes were held applicable to inverse condemnation suits, where the Constitution grants the right to compensation, and to other actions which could be maintained against public entities as an exception to the immunity rule. [Citations.] The principal purpose of such statutes is to give a public entity timely notice of the nature of claims against it so that it may investigate and settle those of merit without litigation. [Citation.] To the extent that immunity is abrogated the importance of these considerations is increased.'' (57 Cal.2d at pp. 503-504. See also *Gonzales* v. *Brennan*

(1965) 238 Cal.App.2d 69, 71-74 [47 Cal.Rptr. 501]; and *Parker* v. *County of Los Angeles, supra,* 62 Cal.App.2d 130, 133.)

Plaintiff points out that the *Dias* case arose in 1960 after the effective date of the 1959 claim legislation. (Stats. 1959, ch. 1724, § 1, p. 4133 et seq.) Section 703 of the Government Code, as then adopted, is broader in scope than former section 29704, and by its express exemptions it indicates that all claims of any nature not expressly exempted should be included.[2] This distinction and attempted limitation of *Dias* is not persuasive. It was ostensibly just as futile in 1959 to file a claim for malpractice, as it was in 1950, and if the abrogation of immunity had increased, not lessened the need for filing claims, there is no need to distinguish between such necessity for 1960 and 1950 claims.

It is noted that the 1959 legislation introduced provisions to ameliorate the strict claim filing requirements for minors. (Gov. Code, former §§ 715-716, particularly subdivision (g) of section 716; Stats. 1959, ch. 1724, § 1, p. 4136. See *Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 479-480 [58 Cal.Rptr. 249, 426 P.2d 753]; and cf. Gov. Code, §§ 911.4, 911.6 and 912, as adopted Stats. 1963, ch. 1715, § 1, pp. 3376-3377.) These additions do not, however, furnish a basis upon which to relieve from a prior failure to file a claim. The 1959 act expressly provided in section 702: "This chapter applies only to claims relating to causes of action which accrue subsequent to its effective date." (Stats. 1959, ch. 1724, § 1, p. 4133.) It further specifically provided that nothing contained in the 1959 act "shall be deemed to allow suit or reinstate claims which have been denied or barred prior to the effective date of this act, . . ." (*Id.,* § 4 at p. 4138.)

The moratorium legislation of 1961 similarly did not reinstate or create any new cause of action for earlier torts. (Stats. 1961, ch. 1404, § 4, subd. (c), p. 3210.)

The 1963 act, which authorized actions against public entities, expressly provided: "Sec. 45.(a) This act applies retroactively to the full extent that it constitutionally can be so applied. (b) Nothing in this act revives or reinstates any cause of action that, on the effective date of this act, is barred either by failure to comply with any applicable statute, charter or ordinance requiring the presentation of a claim or

[2]Section 703 (Stats. 1959, ch. 1724, § 1, p. 4133) provided: "Articles 1 and 2 of this chapter apply to all claims for money or damages against local public entities except: [there follows 11 specified exceptions]."

by failure to commence an action thereon within the period prescribed by an applicable statute of limitations. (c) For the purpose of this section, any cause of action that did not exist prior to the effective date of this act but which is created by the retroactive application of this act shall be deemed to be subject to and to have been subject to: (1) Any claims procedure established by statute, charter or ordinance that would have been applicable thereto if the cause of action had accrued at the time the injury giving rise to the cause of action occurred. (2) Any statute of limitations that would have been applicable thereto if the cause of action had accrued at the time the injury giving rise to the cause of action occurred.'' (Stats. 1963, ch. 1681, § 45, pp. 3288-3289.)

█ It is concluded that plaintiff's cause of action is barred because no claim was filed for her injuries pursuant to the provisions of the Government Code in effect in 1950, and that there is nothing in subsequent legislation, or decisions, to relieve her from her failure to file a claim, or to otherwise revive or reinstate her claim. In fact, the 1963 legislation clearly evinces a contrary purpose,[3] and no policy or principle requires a contrary holding.

The judgment is affirmed.

Molinari, P. J., and Elkington, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 14, 1968.

---

[3]Subdivision (d) of section 45 of the 1963 Tort Claims Act provides: ''Any cause of action that accrued prior to the effective date of this act and to which this act cannot constitutionally be made applicable is barred if: (1) An applicable statute, charter or ordinance requires the presentation of a claim relating thereto and no claim is presented either before the expiration of the period prescribed in such statute, charter or ordinance, or before January 1, 1964, whichever is earlier; or (2) An action thereon is not commenced either before the expiration of the period prescribed by the applicable statute of limitations (including Chapter 1404 of the Statutes of 1961), or before July 1, 1964, whichever is earlier; except that an action relating thereon may be commenced within six months after a claim relating thereto is rejected if the applicable statute, charter or ordinance requires such prior rejection before the action may be commenced.'' (Stats. 1963, ch. 1682, § 45, p. 3289.)